J-S47042-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TROY DANIEL LANGTRY, | : | |
| | : | |
| Appellant | : | No. 470 MDA 2015 |

Appeal from the PCRA Order Entered February 9, 2015,
in the Court of Common Pleas of Schuylkill County,
Criminal Division, at No(s): CP-54-CR-0000514-2010

BEFORE: ALLEN, OTT, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 14, 2015**

Troy Daniel Langtry (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 8, 2011, Appellant was found guilty by a jury of two counts of recklessly endangering another person (REAP) and one count each of possession of drug paraphernalia and fleeing or attempting to elude a police officer. On April 25, 2011, the trial court imposed a sentence, in relevant part, of three to six years' incarceration for the fleeing and eluding conviction.

On August 16, 2012, Appellant filed *pro se* a "Motion to Correct Sentence," wherein he alleged that his sentence on the fleeing and eluding conviction was illegal. On October 8, 2012, the trial court denied Appellant's

*Retired Senior Judge assigned to the Superior Court.

motion. Appellant timely appealed to this Court. On September 4, 2013, this Court vacated the order denying Appellant's motion and remanded to the lower court "to determine, within twenty-one days of this memorandum, whether Appellant is entitled to counsel and/or desires counsel, and if so, to appoint counsel and allow him or her to file an amended PCRA petition or letter [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)]." **Commonwealth v. Langtry**, 87 A.3d 372 (Pa. Super. 2013) (unpublished memorandum at 5-6). This Court further stated that if, on remand, Appellant indicated he wished to proceed *pro se*, the court should conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

The PCRA Court appointed Attorney Michael Fiorillo to represent Appellant.[1] The PCRA court conducted a hearing on December 18, 2014; and, on January 13, 2015, counsel filed a memorandum in support of Appellant's PCRA petition.[2] In that memorandum, counsel contended that the August 16, 2012 PCRA petition should be deemed timely-filed due to the following circumstances.

---

[1] There is no order to this effect in the certified record.

[2] The record does not demonstrate why it took over a year to conduct a PCRA hearing in this case, particularly in light of the fact that an amended PCRA petition was not filed.

As stated at the PCRA hearing, [Appellant] asked his counsel to file a post-sentence motion challenging the sentence on fleeing and alluding [*sic*]. [Appellant], believing that he had been abandoned by [trial counsel], filed his own motion. As stipulated by the district attorney's office under the [prisoner] mailbox rule, [Appellant's] motion was mailed on May 3, 2011. The motion was received and stamped by the Schuylkill County Clerk of Courts on May 6, 2011. That motion was marked as an exhibit at the PCRA hearing. That motion challenged the sentence on the fleeing and alluding [*sic*] charge as being illegal.

There was no action taken on the motion. Pursuant to Rule of Criminal Procedure 720(b)(3)(a) if no action is taken on the motion it is deemed denied after 120 days.

[Appellant], who has no legal background, was unaware of what was occurring with his post-sentence motion. Ultimately after doing his own research, he filed a second motion to correct his sentence on August 16, 2012 (which actually would be within one year of when his first Post-Sentence Motion would have been deemed denied).

Memorandum of Law, 1/13/2015, at 2 (unnumbered).

In that memorandum, counsel also addressed the merits of Appellant's claim arguing that his sentence is illegal. On February 9, 2015, the PCRA court denied Appellant's PCRA petition on its merits. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth two issues for our review.

[1.] Whether the [PCRA] court committed error when it denied Appellant's post conviction relief that challenged the imposition of any illegal sentence for Appellant's conviction for violating section 3733 of Pennsylvania's vehicle code?

[2.] Whether [Appellant] received an illegal sentence of 36-72 months for a violation of Pennsylvania's vehicle code for fleeing and eluding when there is a statutory limitation that a person convicted of a second or subsequent violation of the fleeing and eluding section can not be imprisoned for more than six months?

Appellant's Brief at 8.

Before we reach the merits of Appellant's issues, we consider the timeliness of Appellant's PCRA petition.

Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

*Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

Appellant's sentence was pronounced in open court on April 25, 2011. Assuming *arguendo* that Appellant did not file timely a post-sentence motion, his judgment of sentence became final 30 days later, on May 25, 2011. Thus, Appellant had until May 24, 2012 to file timely a PCRA petition. Therefore, Appellant's Motion to Correct Sentence, filed on August 16, 2012, would be untimely unless Appellant pled and proved one of the aforementioned exceptions.

However, we must determine the effect of Appellant's *pro se* May 3, 2011 filing. That filing is not part of the certified record, but the PCRA hearing reveals that this document exists because it was introduced as an exhibit at the hearing. N.T., 12/18/2014, at 3.[3]

Generally speaking, "there is no constitutional right to hybrid representation either at trial or on appeal." **Commonwealth v. Ellis**, 696 A.2d 1137, 1139 (Pa. 1993). Furthermore, *pro se* filings by represented defendants constitute legal nullities. **See Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010). However, an exception to this general rule relates to post-sentence motions under certain circumstances. In **Commonwealth v. Leatherby**, 116 A.3d 73 (Pa. Super. 2015)., a panel of this Court held that Leatherby's *pro se* post-sentence motion did not constitute a legal nullity where

> [i]t is clear from the sentencing transcripts that there was, at a minimum, confusion as to who would file post-sentence motions on Leatherby's behalf and, indeed, trial counsel failed to

---

[3] Testimony also revealed that this document was date stamped on May 6, 2011 by the clerk of courts. N.T., 12/18/2014, at 3. Pursuant to Pa.R.Crim.P. 576(A)(4), "In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt." The certified docket entries do not contain a docket entry reflecting any filing in May 2011; thus, it is clear that the clerk of courts failed to comply with Pa.R.Crim.P. 576.

file those motions as promised. Under the particular circumstances of this case, in which Leatherby was effectively abandoned by counsel **and** the trial court failed to timely appoint new counsel, Leatherby's *pro se* filing does not offend considerations of hybrid representation. Leatherby should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court. Accordingly, we find that the time within which to file an appeal was tolled by Leatherby's *pro se* motion, and we will consider the appeal timely.

> [5] Among the policy considerations behind the prohibition of hybrid representation are the desire not to overwhelm an already overburdened court system and the salutary effect of expert, focused appellate advocacy. Neither of these concerns [is] implicated in this case.

*Leatherby*, 116 A.3d at *3 (emphasis in original; footnote in original; citations omitted).

In this case, Appellant timely sent to the clerk of courts *pro se* a post-sentence motion, which was not docketed in accordance with Pa.R.Crim.P. 576. Furthermore, a review of the sentencing transcript reveals confusion as to whether Assistant Public Defender Andrea Thompson would continue to represent Appellant.

> THE COURT: Okay. All right. You do have the right to appeal if you feel that the sentence was unfair or illegal or that it was excessive. If you do, you have 30 days in which to file an appeal within -- in writing -- in writing to the Superior Court down in the Clerk of Courts Office as well as you must enter a written post-sentence motion with this Court, Judge Miller, within 10 days.

If you can't afford a lawyer, then you can reapply; and the Public Defender's Office would continue to represent you due to your financial situation.

N.T., 4/25/2011, at 15.

The trial court's instructions were confusing at best. The Rules of Criminal Procedure are clear, "[a]n attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court[.]" Pa.R.Crim.P. 120(A)(4). While there may be an administrative process within the Office of Public Defender to ensure a defendant is still financially eligible, that does not affect the obligation of counsel to represent the defendant on appeal until such time counsel is granted leave to withdraw pursuant to Pa.R.Crim.P. 120(B).

The docket entries do not reflect that Attorney Thompson asked for, or was granted, permission to withdraw. Thus, the confusing nature of the trial court's instructions was further compounded by the clerk of courts' failure to comply with Pa.R.Crim.P. 576. Accordingly, due to this "administrative breakdown" we conclude that it would be unjust to consider Appellant's *pro se* timely-filed post-sentence motion a nullity under these circumstances. *Leatherby*, 116 A.3d at *3.

"If the judge fails to decide [a timely-filed post-sentence] motion within 120 days, or to grant an extension as provided in paragraph

(B)(3)(b), the motion shall be deemed denied by operation of law." Pa. R. Crim. P. 720(B)(3)(a). However, due to the administrative breakdown at play in this case, Appellant never received notice pursuant to Pa.R.Crim.P. 720(B)(3)(c) from the clerk of courts informing him that his motion was deemed to be denied by operation of law and he had 30 days in which to file an appeal. *See Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003) ("[W]here the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances.").

Thus, we hold that because Appellant timely filed a post-sentence motion, and because this timely post-sentence motion was never acted upon by the court, it would not be possible to consider Appellant's August 16, 2012 motion to correct sentence untimely in any fashion under the PCRA when it is completely unclear when Appellant's judgment of sentence became final.[4]

---

[4] Moreover, at the PCRA hearing, counsel represented that Appellant's May 2011 filing raised issues concerning the "legality of the sentence as it related to the fleeing and eluding[.]" N.T., 12/18/2014, at 3. Specifically, counsel argued that "the maximum that could have been imposed would have been six months because [Appellant] fell in exactly the definition, he's been convicted of it before and what the statutory section says." *Id*. at 7. These are essentially the same issues raised in the August 16, 2012 filing and raised on appeal.

We now turn to the merits of Appellant's claims where he contends his sentence for his fleeing and eluding conviction is illegal.

> Issues relating to the legality of a sentence are questions of law to which our standard of review is *de novo* and our scope of review is plenary. The Pennsylvania Supreme Court has stated that an illegal sentence is one that exceeds the statutory maximum. Furthermore: [u]nder Pennsylvania law, a challenge to the validity of a sentence is a challenge to its legality. If a court does not possess statutory authorization to impose a particular sentence, then the sentence is illegal and must be vacated.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1265 (Pa. Super. 2012) (internal quotations and citations omitted).

Appellant was charged with violating 75 Pa.C.S. § 3733(a), which provides as follows:

> **(a) Offense defined.--**Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

> ***

> **(a.2) Grading.--**

>     (1) Except as provided in paragraph (2), an offense under subsection (a) constitutes a misdemeanor of the second degree. Any driver upon conviction shall pay an additional fine of $500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties.

>     (2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing

- 9 -

> or attempting to elude a police officer does any of the following:
>
>> (i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);
>>
>> (ii) crosses a State line; or
>>
>> (iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

75 Pa.C.S. § 3733(a) and (a.2).

Appellant contends that he "was not charged with the 'aggravating' section of § 3733[(a.2)(2)] as discussed in the case of **Commonwealth v. Bowen**, 55 A.3d 1254 (Pa. Super. 2012)." Appellant's Brief at 14. In that case, Bowen claimed his sentence of 42 to 84 months' incarceration for his second violation under section 3733 was illegal due to a conflict between section 3733 and section 6503.[5] Section 6503 provides the following, in relevant part:

> **(a) General offenses.**—Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:
>
> ***

---

[5] Third-degree felonies are generally punishable by up to 7 years' incarceration. 18 Pa.C.S. § 1101.

>> Section 3733 (relating to fleeing or attempting to elude police officer).

75 Pa.C.S. § 6503(a).

After examining the legislative intent and the concepts of general and specific statutes, the ***Bowen*** court concluded the following:

> [I]n resolving the conflict between Section 6503 and Section 3733(a.2)(2), we hold that Section 3733(a.2)(2) prevails, and that the maximum sentence of six months' incarceration set forth at Section 6503 for a second or subsequent violation of Section 3733 does not apply to a second or subsequent violation of Section 3733(a.2)(2).

55 A.3d at 1270.

In other words, Appellant is suggesting that he was not convicted of fleeing and eluding while being under the influence, crossing a state line, or endangering anyone by forcing a high-speed chase. One of these elements is necessary to sustain a conviction under this subsection. Appellant's argument is belied by the record.

First, count 7 of the Criminal Information states that Appellant was being charged with Felony 3 fleeing or attempting to elude a police officer. Criminal Information, 1/26/2010. Furthermore,

> [t]he [trial] court had specifically instructed the jury on the charges of fleeing or attempting to elude a police officer and instructed the jury further that if they find the Commonwealth proved the elements of this sentence the jury must then determine beyond a reasonable doubt that the action of [Appellant] in fleeing or attempting to elude the police officers endangered a law enforcement officer due to the driver engaging in a high speed chase in accord with [75 Pa.C.S. § 3733(a.2)].

- 11 -

> The jury found [Appellant] guilty on both aspects of the charges set forth in the verdict slip.

PCRA Court Opinion, 2/9/2015, at 3 (unnecessary capitalization omitted; footnote omitted).

Because Appellant was charged with and the jury found him guilty beyond a reasonable doubt of the aggravated section of section 3733, the trial court was authorized to sentence Appellant consistent with a third-degree felony. Accordingly, we affirm the order denying Appellant relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2015