J-S46041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
              v.   :
  :
  :
  :
JAMES ROBERT R. ALSTON   :
  :
       Appellant   :   No. 2387 EDA 2018

Appeal from the PCRA Order Entered July 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006870-2012, CP-51-CR-0004370-2013

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:         **FILED OCTOBER 04, 2019**

Appellant, James Robert R. Alston, *pro se*, appeals from the order

entered July 19, 2018, that dismissed his petition filed under the Post

Conviction Relief Act ("PCRA")[1] without a hearing.  The order listed two

separate docket numbers:  CP-51-CR-0006870-2012 ("No. 6870-12") and CP-

51-CR-0004370-2013 ("No. 4370-13").  At No. 6870-12, we vacate the order

and remand to the PCRA court for the appointment of counsel to represent

Appellant or for a ***Grazier***[2] hearing.  At No. 4370-13, we quash the appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

The relevant procedural history of these cases is as follows. On April 6, 2015, at No. 6870-12, Appellant pleaded guilty to possession of firearm prohibited[3] and was sentenced to three to six years of confinement. That same day, at No. 4370-13, Appellant pleaded guilty to murder of the third degree, conspiracy to commit murder of the third degree, and possession of firearm prohibited[4] and was sentenced to an aggregate judgment of sentence of 27½ to 60 years of confinement, to be served concurrently with his sentence at No. 4370-13.

On August 28, 2015, Appellant *pro se* filed a PCRA petition, listing No. 4370-13 only. His memorandum in support of this PCRA petition only lists No. 4370-13, as well. This PCRA petition was unsuccessful.

On June 7, 2018, Appellant filed the current *pro se* PCRA petition and a motion to proceed *pro se*; both the PCRA petition and the motion to proceed *pro se* listed both docket numbers. On June 18, 2018, the PCRA court entered a notice at both docket numbers of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"); the PCRA court had not appointed counsel, held a **Grazier** hearing, nor ruled on Appellant's motion to proceed *pro se*. On June 28, 2018, Appellant filed a *pro se* response to the Rule 907 Notice at both docket numbers.

---

[3] 18 Pa.C.S. § 6105(a)(1).

[4] *Id.* §§ 2502(c), 903, and 6105(a)(1), respectively.

On July 19, 2018, the PCRA court entered an order granting the "Motion to Dismiss PCRA Petition" listing only No. 6870-12 and a separate order granting the "Motion to Dismiss PCRA Petition" listing only No. 4370-13. However, the Commonwealth never filed a motion to dismiss PCRA petition at either docket number. Later that same day, the PCRA court entered another order denying the PCRA petition, which listed both docket numbers. On August 1, 2018, Appellant timely filed a *pro se* notice of appeal listing both docket numbers.

## No. 6870-12

Appellant's PCRA petition filed June 7, 2018, was Appellant's first PCRA petition at No. 6870-12. The PCRA court did not appoint counsel to represent Appellant at No. 6870-12 nor hold a **Grazier** hearing. "[A] criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*). The PCRA court thus erred by not appointing PCRA counsel for Appellant's first PCRA petition at No. 6870-12 nor holding a **Grazier** hearing. Accordingly, for No. 6870-12 only, we vacate the order of July 19, 2018, and remand to the PCRA court; upon remand, the PCRA court must appoint counsel to represent Appellant or hold a **Grazier** hearing.

**No. 4370-13**

On June 1, 2018, in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Supreme Court of Pennsylvania held that the common practice of filing a single notice of appeal from an order involving more than one docket would no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." **Walker**, 185 A.3d at 977. The failure to file separate appeals under these circumstances "requires the appellate court to quash the appeal." **Id.**

Instantly, Appellant filed a single notice of appeal from the order that denied PCRA relief at two separate docket numbers. Appellant's notice of appeal was filed on August 1, 2018, which postdates the **Walker** decision.

**Walker** is not controlling for our decision at No. 6870-12, because, the PCRA court's failure to appoint counsel in No. 6870-12 constitutes a breakdown in the operations of the court, which permits us to overlook the errors in Appellant's *pro se* notice of appeal, including his lack of compliance with **Walker** and its progeny. **See Commonwealth v. Flowers**, 149 A.3d 867, 872 (Pa. Super. 2016) (breakdown in court operation granted this Court jurisdiction over untimely appeal where trial court failed to correct counsel's misstatement about deadline for filing appeal and incorrectly provided that the appellant had an additional thirty days to appeal from order denying motion for reconsideration of sentence imposed upon revocation of

intermediate punishment); ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) (recognizing this Court's power to grant relief in the case of a fraud or breakdown in the processes of the court); ***Commonwealth v. Perry***, 820 A.2d 734 (Pa. Super. 2003) (holding clerk of court's failure to follow the criminal rules constitutes a breakdown in the court process). Had counsel been appointed at No. 6870-12, we presume that counsel would have filed a separate notice of appeal for No. 6870-12, because "counsel is presumed to be competent[.]" ***Commonwealth v. King***, 57 A.3d 607, 614 (Pa. 2012); ***see also Commonwealth v. Daniels***, 963 A.2d 409, 427 (Pa. 2009) ("counsel is presumed to be effective"). However, under ***Walker***, we must quash Appellant's appeal at No. 4370-13, because Appellant was not eligible for appointed counsel for his second PCRA petition at that docket number and thus is not entitled to the presumption at No. 4370-13 that counsel would have filed a separate notice of appeal for that docket number.

Order vacated and case remanded with instructions at No. 6870-12. Appeal quashed at No. 4370-13. Jurisdiction relinquished.

President Judge Panella joins the memorandum.

Judge Olson Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/19