**COMMONWEALTH of Pennsylvania,
Appellee,**

**v.**

**Brian PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 19, 2002.
Filed March 20, 2003.

Steven G. Laver, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J., KLEIN and CAVANAUGH, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 Following a bench trial, Appellant Brian Perry was convicted of robbery, theft, possessing instruments of crime, and simple assault. He was sentenced to 3 to 6 years' imprisonment and a consecutive term of 5 years' probation. On appeal, Appellant claims trial counsel was ineffective for failing to cross-examine the victim regarding his juvenile probation status and a pending adult criminal case. We affirm.

¶ 2 Before addressing Appellant's substantive issue, we will address the Commonwealth's claim that this appeal should be quashed as untimely. On May 25, 2001, Appellant filed a timely post-sentence motion alleging trial counsel's ineffectiveness during cross-examination. On June 18, 2001, new counsel was appointed. On July 13, 2001, the hearing on Appellant's post-sentence motion was continued at the request of counsel who was out of town. On August 23, 2001, Appellant was not brought down for the hearing and it was again continued. On September 26, 2001, the court entered an order granting a 30-day extension of time for the hearing. On October 11, 2001, Appellant was again not brought down for the hearing. Finally, on November 7, 2001, the court held the hearing and denied Appellant's motion. Appellant filed his notice of appeal on November 19, 2001.

¶ 3 Rule of Criminal Procedure 720 sets forth the procedure to be followed when a post-sentence motion is filed. Under this rule, the trial court must decide the post-sentence motion within 120 days of the filing of the motion. Pa.R.Crim.P. 720(B)(3)(a). The trial court may grant one 30-day extension for a maximum of 150 days. Pa.R.Crim.P. 720(B)(3)(b). If the trial court fails to decide the motion within this time period, it is deemed denied by operation of law. *Id.* Where a post-sentence motion is denied by operation of law, the clerk of courts is directed to enter an order on behalf of the court and "forthwith furnish a copy of the order ...to ... the defendant(s) and defense counsel...." Pa.R.Crim.P. 720(B)(3)(d).

¶ 4 Ordinarily, the time for filing an appeal begins to run on the date the post-sentence motion is denied, either by the court or by operation of law. Appellant's post-sentence motion should have been disposed of within the 120–day period set forth in the rule or by September 22, 2001. The trial court's attempt to extend this period by its order granting a 30–day extension was unavailing as this order was not timely and therefore is a nullity. *Commonwealth v. Khalil,* 806 A.2d 415 (Pa.Super.2002). Thus, Appellant's notice of appeal should have been filed within 30 days of September 22, 2001. However, our review of the record clearly shows that the clerk of courts did not enter an order reflecting that Appellant's post-sentence motion was denied by operation of law. This Court has previously held that, where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances. *Commonwealth v. Repko,* 817 A.2d 549 (Pa.Super.2003); *Commonwealth v. Braykovich,* 444 Pa.Super. 397, 664 A.2d 133 (1995). Therefore, we decline to quash the appeal and will proceed to Appellant's substantive issue.

¶ 5 Appellant's specific claim is that trial counsel was ineffective because he failed to bring out on cross-examination, as evidence of bias, that the victim of the robbery was on probation for two juvenile cases and had an open adult criminal matter pending at the time of trial.[1] After

---

1. Appellant has presented a claim of ineffective assistance of counsel in this direct appeal from his judgment of sentence. In *Commonwealth v. Grant,* 813 A.2d 726 (Pa.2002), our Supreme Court remarked that an appellant "should wait to raise claims of ineffective assistance of trial counsel until collateral re-

view." *Id.* at 738. Part of the court's rationale for this holding was its concern that an appellate court is sometimes handicapped when it attempts to review an ineffectiveness claim on an undeveloped record. However in this case the trial court held a hearing to review Appellant's ineffectiveness claim. A

reviewing the record, including the testimony and argument at the post-sentence motion hearing, we conclude that the trial court has properly disposed of this claim. See Trial Court Opinion, 5/13/02, at 5–7. Therefore, we rely on the analysis set forth in that opinion in affirming the judgment of sentence.

¶ 6 Judgment of sentence affirmed.

record has been fully developed on this issue; thus we conclude that in this procedural context it is appropriate for us to review Appellant's ineffectiveness claim.