J-S71043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TERRELL LEWIS | |
| Appellant | No. 3015 EDA 2014 |

Appeal from the Judgment of Sentence March 18, 2014
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0007658-2012

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 16, 2016**

Appellant, Terrell Lewis, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his non-negotiated guilty plea to two counts of robbery, two counts of possession of firearm prohibited, and one count of possession of an instrument of crime. Appellant challenges the discretionary aspects of his sentence. We quash this appeal and remand for further proceedings.

This case stems from two separate cases: CP-51-CR-0008672 ("Case 1") and CP-51-CR-0007658-2012 ("Case 2"). After Appellant entered a consolidated guilty plea, the trial court sentenced him on March 18, 2014. On March 25, 2014, Appellant filed a *pro se* motion for reconsideration for both cases. Thereafter, two separate counsel, each representing Appellant

---

[*] Former Justice specially assigned to the Superior Court.

on the respective cases, each filed individual, timely motions for reconsideration. On March 27, 2014, the trial court summarily denied the counseled motion for reconsideration filed in Case 1. The trial court never ruled on the other counseled reconsideration motion filed in Case 2. The court indicated that it had never received the motion. Trial Ct. Op., 1/19/15, at 2. Appellant's counsel on Case 2 filed the instant notice of appeal on June 27, 2014. Appellant's counsel on Case 1 did not file a direct appeal.

As a prefatory matter, we examine this Court's jurisdiction. Although not raised by the parties, it is well settled that this Court may raise questions affecting our jurisdiction *sua sponte*. ***Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*). This Court's jurisdiction is triggered once an order becomes final. ***Commonwealth v. Rojas****,* 874 A.2d 638, 642 (Pa. Super. 2005)*.* In criminal cases, a direct appeal may be filed within thirty days of a judgment of sentence becoming final. ***Id.*** (citation omitted). A judgment of sentence does not become final until the resolution of any post-sentence motions. ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). Once a post-sentence motion is filed, the trial court has 120 days to rule on the motion, otherwise the motion is deemed denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a), and the clerk of courts is directed to enter an order reflecting the same. ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003).

If an appellant files a notice of appeal prior to the resolution of post-sentence motions, the judgment of sentence has not become "final" and the purported appeal will be considered interlocutory and unreviewable. ***Borrero***, 692 A.2d at 160. When such an interlocutory appeal has been filed, the proper remedy is to quash the appeal and remand for consideration of the post-sentence motion *nunc pro tunc*.[1] ***Id.*** at 161.

Appellant's instant notice of appeal, regarding Case 2, was filed prior to the 120-day period allotted for the resolution of his post-sentence motion concerning that case. ***See*** Pa.R.Crim.P. 720(B)(3)(a). Indeed, the trial court indicated that the motion at issue was never even received by the court. Trial Ct. Op. at 2. Therefore, we conclude that Appellant's judgment of sentence does not yet constitute a final order because his post-sentence motion was pending at the time he filed his notice of appeal. ***Borrero***, 692 at 160. Thus, Appellant's instant notice of appeal is premature. ***Id.*** Accordingly, we quash this appeal and remand to allow the trial court to rule on Appellant's post-sentence motion regarding Case 2.

Appeal quashed. Case remanded for further proceedings. Jurisdiction relinquished.

---

[1] Under these circumstances, the *nunc pro tunc* post-sentence motion is deemed filed on the date in which the certified record is remanded to the trial court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016