J-S06025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE ANTHONY KELSEY | : | |
| | : | |
| Appellant | : | No. 195 EDA 2016 |

Appeal from the Judgment of Sentence August 10, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0008889-2014

BEFORE:   MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                     **FILED APRIL 24, 2017**

Appellant Tyrone Anthony Kelsey appeals from the judgment of sentence of forty-eight hours to six months of imprisonment, imposed August 10, 2015, following a bench trial resulting in his conviction for driving under the influence (DUI) – general impairment and DUI – high concentration of alcohol.[1]  After careful review, we affirm.

We summarize the relevant procedural and factual history as follows. On July 31, 2014, Officer Timothy Lynch of the Upper Moreland Township Police Department was traveling southbound on York Road at 3 a.m. and stopped at the intersection of York Road and Evans Road.  Notes of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, 75 Pa.C.S. § 3802(a)(1), § 3802(b).

Testimony (N.T.), 8/10/2015, at 5-6. Officer Lynch observed a 1998 white Oldsmobile traveling northbound on York Road toward him. *Id.* at 6. As Officer Lynch negotiated a left turn eastbound onto Evans Road, he "must have underestimated" the speed of the vehicle, and he had to "accelerate to get out of the northbound lanes to avoid being struck." *Id*. The posted speed limit for that area of York Road was 40 miles per hour (MPH), but Officer Lynch estimated that the vehicle was travelling in excess of 60 MPH. *See id.* at 6, 13.

As Officer Lynch was traveling eastbound on Evans Road and facing the opposite direction from York Road, he heard the sound of tires screeching. *See id.* at 6. Officer Lynch knew that the speed limit changes 2/10th of a mile past the intersection of York Road and Evans Road to 25 mph because there is a long curve on the roadway. *Id.* at 10. The screeching sound indicated to the officer that the brakes had been applied heavily, indicating excess speed. *Id.* at 6, 14.

Officer Lynch backed out of Evans Road in order to travel northbound on York. *Id.* at 6-7. The officer "had to travel at a very high rate of speed to catch up" to the white Oldsmobile that continued to travel northbound. *Id.* He caught up to the white Oldsmobile as it turned into a driveway of an apartment complex. *Id.* at 7. The vehicle drove around and "was facing southbound in one of the driveways of the complex." *Id.* Officer Lynch initiated a traffic stop at that time. *Id.*

Officer Lynch observed that Appellant had "slurred speech," "bloodshot eyes," and was "very slow to respond" to his questions when asked for his driver's license, insurance, and registration. *See* N.T. at 39. Officer Lynch issued a citation for careless driving and driving while operating privilege is suspended or revoked. *Id.* at 16. Officer Lynch asked Appellant if he had been drinking, and "he said he had several drinks during the night." *Id.* Officer Lynch recovered an open bottle of alcohol in plain view behind the operator seat. *Id.* at 38. After instructing Appellant to exit the vehicle, Officer Lynch performed a few sobriety tests. *Id.* at 39. Appellant failed to successfully complete the tests. *Id.* Officer Lynch arrested Appellant for DUI. *Id.* at 41. Appellant was breathalyzed at approximately 4:00 a.m. with the results being .140. *Id.* at 43-44. Appellant was charged with DUI-related offenses described above. Appellant's charge of careless driving was changed to failure to obey traffic-control devices. *See* 75 Pa.C.S. § 3111(a). His charge for driving while privileges were suspended was withdrawn.

Appellant filed a motion to suppress evidence, claiming *inter alia* that his traffic stop was illegal and initiated without probable cause. Motion to Suppress, 1/12/2015. The trial court conducted a suppression hearing before the bench trial on August 10, 2015. Appellant's motion to suppress was denied. *See* Order, 8/12/2015. Appellant was found guilty of the DUI-related charges and not guilty of failure to obey traffic-control devices. *See* N.T. at 47. Appellant was sentenced as described above. Appellant filed a

post-sentence motion for reconsideration of the weight of the evidence of the suppression motion, finding of guilt, and judgment of sentence. *See* Motion for Reconsideration, 8/18/2015. The court did not rule on Appellant's motion.

On January 12, 2016, Appellant filed a notice of appeal. In March 2016, this Court issued an order to show cause why the appeal should not be quashed as premature due to the pending, undecided post-sentence motion filed in August 2015. *See* Superior Ct. Order, 3/9/2016. Appellant filed a praecipe with the trial court, which issued an order denying his post-sentence motion by operation of law. *See* Order, 3/14/2016; Pa.R.Crim.P. 720(B)(3)(c). Appellant timely responded to the show cause order with the court's March 14, 2016 order. Thereafter, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The court issued a responsive opinion.

On appeal, Appellant raises the following issue:

1. Did the court err in failing to suppress the illegal stop of appellant, Tyrone Kelsey, pursuant to article 1 section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution, where there was no reasonable suspicion for the affiant to stop Tyrone Kelsey as he observed his car approaching him head on at night as he made a left turn before the car reached his exact location. He estimated the speed was 60 to 70 miles per hour. The affiant testified that this was the sole reason for the stop. The court stated in it's findings of facts and conclusions of law that the affiant could not under the circumstances present make this estimation. The court, however, justified the stop based on the sound of screeching tires the affiant heard shortly after the appellant's car passed

2/10 of a mile away but did not observe or conclusively identify
as coming from appellants vehicle.

Appellant's Br. at 7.

Initially, we address our jurisdiction to entertain this appeal. In its opinion, the trial court observed that Appellant's notice of appeal was filed prematurely, as the court had not yet ruled on Appellant's post-sentence motion. *See* Trial Ct. Op., 6/16/2016, at 4. Moreover, according to the trial court, Appellant was required to file a second, timely notice of appeal following entry of the order denying his post-sentence motion. *See id.* at 4. As Appellant failed to do so, the court concluded, this appeal is subject to dismissal.

If a timely post-sentence motion is filed, the notice of appeal must be filed within thirty days of the order disposing of the post-sentence motion. Pa.R.A.P. 720. The fact that Appellant lodged this appeal on January 12, 2016, while the post-sentence motion was pending, was technically improper. *Commonwealth v. Claffey*, 80 A.3d 780, 782 (Pa. Super. 2013). However, Appellant filed his post-sentence motion on August 18, 2015. Under Rule 720(B)(3), post-sentence motions shall be decided within 120 days, by order or operation of law. Our review of the record clearly shows that the clerk of courts did not enter an order reflecting that Appellant's post-sentence motion was denied by operation of law on December 16, 2015. *See* Pa.R.Crim.P. 720(B)(3)(a)-(c) (providing that

post-sentence motions not decided within the mandatory timeframe shall be denied by operation of law) (one thirty day extension permitted).

Failure to enter order denying the post-sentence motion by operation of law led to a "breakdown in the court system." ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003) (declining to quash appeal where a breakdown in court system has occurred due to clerk of courts' failure to enter an order denying post-sentence motion by operation of law). Further, Appellant timely and satisfactorily complied with this Court's order directing him to praecipe the lower court to enter an order denying his motion by operation of law. Pa.R.A.P. 301(d).

Pursuant to Rule 905(a)(5), Appellant was not required to file a new notice of appeal. ***See*** Pa.R.A.P. 905(a)(5) (stating that initially premature notice of appeal shall be treated as filed on the date the appealable order is entered). Accordingly, we have jurisdiction. ***See, e.g., Perry***, 820 A.2d at 735.[2]

In his sole issue raised on appeal, Appellant contends that the court erred in concluding that the unobserved, screeching sound heard by the

_____

[2] The trial court also suggests that if he were to file a new 1925(b) statement, it would be untimely. Again, the trial court is incorrect because no new notice of appeal was required. ***See*** Pa.R.A.P. 905(a)(5). A 1925(b) order does not impact appellate jurisdiction and is unnecessary absent court order directing compliance. ***But see Greater Erie Indus. Develop. Corp. v. Presque Isle Downs***, ***Inc.***, 88 A.3d 222, 224-25 (Pa. Super. 2014) (holding that this Court has no discretion to consider untimely raised issues waived based on an untimely Rule 1925(b)).

officer articulated reasonable suspicion of a violation of the Motor Vehicle Code. Appellant's Br. at 11; *see* 75 Pa.C.S. § 6308(b). In response, the Commonwealth contends that Appellant waived the sole dispositive issue for appeal, that is, whether the police needed probable cause to stop appellant's vehicle. *See* Commonwealth's Br. at 7. We note that the trial court also applied the reasonable suspicion standard in denying Appellant's motion to suppress. That appellant used an improper standard on appeal does not amount to a new theory of relief; rather, the issue remains whether the police officer had the requisite quantum of cause or belief that criminal activity was afoot to constitutionally stop appellant's vehicle. *See* *Commonwealth v. Holmes*, 14 A.3d 89, 94 (Pa. 2011). Therefore, Appellant has preserved the suppression issue.

Our standard of review is as follows.

> The issue of what quantum of cause a police officer must possess in order to conduct a vehicle stop based on a possible violation of the Motor Vehicle Code is a question of law, over which our scope of review is plenary and our standard of review is de novo. *Commonwealth v. Chase*, 960 A.2d 108, 112 (Pa. 2008). However, in determining whether the suppression court properly denied a suppression motion, we consider whether the record supports the court's factual findings. If so, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. *Commonwealth v. Hernandez*, 935 A.2d 1275, 1280 (Pa. 2007).

*Holmes*, 14 A.3d at 94.

Our analysis of the appropriate quantum of cause required for a traffic stop begins with 75 Pa.C.S.A. § 6308(b), which provides:

- 7 -

(b) **Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b).

"Traffic stops based on a reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose." ***Commonwealth v. Feczko***, 10 A.3d 1285, 1291 (Pa. Super. 2010) (en banc) (citing ***Chase***, 960 A.2d at 116). In ***Commonwealth v. Salter***, 121 A.3d 987, 992–93 (Pa. Super. 2015), *reargument denied* (Oct. 14, 2015), this Court explained:

> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, "it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, *which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code*." [***Commonwealth v.***] ***Gleason***, 785 A.2d [983,] 989 [(Pa. 2001)] (citation omitted), [*superseded by statute*, Act of Sept. 30, 2003, P.L. 120, No. 24, § 17 (amending 75 Pa.C.S.A. § 6308(b))].

[***Feczko***, 10 A.3d at] 1290–1291 (emphasis added in

- 8 -

*Gleason*).[3]  Accordingly, when considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered.

If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle.  Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop.

Illustrative of these two standards are stops for speeding and DUI.  If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle.  This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while traveling upon a highway.

On the other hand, if an officer possesses sufficient knowledge based upon behavior suggestive of DUI, the officer may stop the vehicle upon reasonable suspicion of a Vehicle Code violation, since a stop would provide the officer the needed opportunity to investigate further if the driver was operating under the influence of alcohol or a controlled substance.

*Salter*, 121 A.3d at 992–93 (formatting modified) (citations omitted)

(holding that officer acted upon sufficient trustworthy facts to reasonably

---

[3] The investigative potential is a part and parcel to the purpose of the stop.

[A] vehicle stop based solely on offenses not "investigatable" cannot be justified by a mere reasonable suspicion, because the purposes of a *Terry* stop do not exist—maintaining the status quo while investigating is inapplicable where there is nothing further to investigate. An officer must have probable cause to make a constitutional vehicle stop for such offenses.

*Commonwealth v. Landis*, 89 A.3d 694, 703 (Pa. Super. 2014); *Feczko*, 10 A.3d at 1290 (quoting *Chase*, 960 A.2d at 115-16); *see Terry v. Ohio*, 392 U.S. 1 (1968)).

believe that the defendant had violated the applicable regulation sufficient to justify a traffic stop based upon probable cause of a violation of 75 Pa.C.S.A. § 4303(b) where officer observed the plate lights to be out from a distance of 75 feet). In addressing a motion to suppress, the court must first make the threshold inquiry of whether reasonable suspicion or probable cause is constitutionally required to make a vehicle stop by considering the nature of the violation and whether the suspected violation is an investigable offense. *Id.* at 993-94

Here, Officer Lynch stopped Appellant for a violation based on his observations, which required no further investigation and for which the officer would need probable cause under *Feczko*. *See Salter*, 121 A.3d at 993 (noting that probable cause required to stop for non-investigatory offenses); *Commownealth v. Landis*, 89 A.3d 694, 702-03 (Pa. Super. 2014) (noting that where trooper stopped motorist for careless driving and for failing to drive within a single lane-and not to investigate possible DUI-he needed probable cause to stop). "[W]hat facts and circumstances amount to probable cause is a question of law." *Commonwealth v. Newman*, 84 A.3d 1072, 1080 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014).

At the suppression hearing, Officer Lynch testified that he issued a traffic citation for careless driving. N.T., 8/10/2015, at 16; *see* 75 Pa.C.S. §

3714(a).[4] He testified that as he was preparing to make a left hand turn, he observed vehicle's headlights approaching from the opposite direction. As he made the turn, the officer observed that he must have underestimated the speed of the approaching vehicle and had to accelerate to make it across the intersection safely and avoid being hit by the other car which must have been exceeding the posted speed limit. Shortly thereafter, the officer heard screeching tires. Based on his experience, he knew that vehicles must slow down after the intersection to 25 mph due to a curve in the road. The officer testified that a vehicle whose tires screech while navigating a curve with a 25 mph speed limit is not being operated in a safe manner and is in violation of the Motor Vehicle Code. Trial Ct. Op., 6/6/2016, at 7. Notably, Officer Lynch did not testify that he suspected Appellant was driving under the influence of alcohol prior to pulling him over.

Careless driving is defined as follows:

§ 3714 Careless Driving

(a)    General rule. – Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.

75 Pa.C.S. § 3714(a). Based upon the facts accepted by the suppression court, we conclude that the Commonwealth established that Officer Lynch

---

[4] Here, Officer Lynch suspected Appellant of speeding and Appellant was charged with violating 75 Pa.C.S. § 3714, careless driving, which was later withdrawn and replaced with 75 Pa.C.S. § 3111(a), failure to obey traffic control devices.

had probable cause to commence a traffic stop for careless driving.

The Commonwealth concedes that careless driving was a non-investigable offense and though the trial court applied the wrong standard, the Commonwealth correctly contends that we may nevertheless affirm if the result is correct for any reason. **See** Commonwealth's Br. at at 9-10 (citing in support **Newman**, 84 A.3d at 1080).[5]  In so doing, we recognize the following principle:

> Probable cause does not emanate from an antiseptic courtroom, a sterile library or a sacrosanct adytum, nor is it a pristine philosophical concept existing in a vacuum, but rather it requires a pragmatic analysis of everyday life on which reasonable and prudent men, not legal technicians, act.  It is to be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training.

**Commonwealth v. Norwood**, 319 A.2d 908, 910 (Pa. 1974) (internal citations and quotation marks omitted).  Accordingly, having found that the officer had probable cause to stop Appellant for careless driving, the denial of the suppression motion was proper.

Judgment of sentence affirmed.

---

[5] The trial court's 1925(a) opinion incorrectly identifies the "sole issue" as whether Officer Lynch had "reasonable suspicion" that Mr. Kelsey committed a violation of the Motor Vehicle Code.  Trial Ct. Op., 6/6/2016, at 7.  Here, the court applied the wrong legal standard in concluding that the officer had reasonable suspicion to investigate a violation of the motor vehicle code. The court failed to identify careless driving as a non-investigable offense that must be supported by probable cause.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2017