J-S54009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY LINDEL BURNS, JR. | : | |
| | : | |
| Appellant | : | No. 2093 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 11, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001105-2017

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 30, 2019**

Gregory Lindel Burns, Jr. appeals from the judgment of sentence of five to twenty years of incarceration imposed following his convictions for possession with intent to deliver methamphetamine ("PWID") and several misdemeanor drug offenses.  We affirm.

The trial court summarized the history of this case as follows.

The charges stem from a June 12, 2017 vehicle stop of [Appellant]'s car by a State Trooper.

On November 27, 2017, [Appellant] filed omnibus pre-trial motions challenging the legality of the vehicle stop, his detention thereafter and the subsequent search of his vehicle.  [Appellant] sought the suppression of all evidence yielded by the vehicle search and of any statements he made during the detention.  By order and opinion dated January 3, 2018, th[e trial] court denied [Appellant]'s pre-trial motions.  . . .  The case then proceeded to a jury trial on May 24, 2018.

At trial, [the Commonwealth] called State Trooper Keith Rudy ("Trooper Rudy") who testified that on June 12, 2017, he was positioned in his cruiser along Interstate 78 monitoring traffic

traveling westbound on the Interstate. Trooper Rudy noticed a silver Lexus with all of the windows tinted and pulled out from his position to effect a traffic stop, which he did at mile-marker 6. As Trooper Rudy approached the Lexus on the passenger side, he detected a strong odor of air freshener along with the faint odor of marijuana emanating from inside the vehicle. Trooper Rudy's experience informed him that these odors indicated the presence of marijuana in the vehicle. Trooper Rudy then returned to his vehicle with [Appellant]'s driver's license and information and confirmed that [Appellant] was the registered owner of the vehicle. Upon returning to the vehicle, Trooper Rudy asked [Appellant] to exit the vehicle and move to the rear of [Appellant]'s vehicle where Trooper Rudy informed [Appellant] that he detected the odor of marijuana and asked him when the last time anyone had smoked marijuana in the vehicle. [Appellant] responded that there was nothing in the car, but that he also smelled something "funny" in the vehicle. [Appellant] further explained to Trooper Rudy that he owned the vehicle for about a year and that he operated a mobile detailing business in which he would lend his vehicle to customers to use.

During the interaction, Trooper Rudy described [Appellant]'s demeanor as nervous noting that [Appellant]'s hands were shaking and [Appellant] dropped his keys at one point during the conversation. [Appellant]'s level of nervousness did not deescalate throughout the interaction. When Trooper Rudy asked [Appellant] if he could search the vehicle, [Appellant] responded that Trooper Rudy could search his person, but denied consent to search the vehicle. Trooper Rudy then called for a K-9 officer to the scene. When the K-9 officer arrived, it failed to indicate any drugs in the vehicle. However, Trooper Rudy explained that several factors, including the amount of air escaping from the vehicle, masking agents and air fresheners and the fact that methamphetamine is the hardest drug for a K-9 officer to detect, would cause the K-9 officer not to detect drugs.

Based on his observation and experience, Trooper Rudy believed there were illegal drugs in the vehicle and decided to conduct a search of the vehicle. Upon searching the vehicle, Trooper Rudy found $6,700.00 in the center console, which [Appellant] had disclosed was located in the car. Next, Trooper Rudy found marijuana residue, in the form of marijuana stems, under the driver's seat in the glove box on the floor of the vehicle. In the rear of the vehicle, on the passenger side, Trooper Rudy

found a McDonald's bag with some trash and three small plastic bags filled with white crystal-like substance, which Trooper Rudy recognized as methamphetamine. Trooper Rudy then found two bottles of air freshener — one that was full and another that was approximately a third full.

Trooper Rudy was then qualified as expert in the area of personal use of drugs versus possession with intent to distribute. Trooper Rudy testified that his training and experience in narcotics investigations, his observation of the amount of methamphetamine, the lack of use paraphernalia in the vehicle, the amount of cash that [Appellant] had in the car with him, along with the air fresheners and odor of marijuana, led him to the opinion that [Appellant] was in possession of the illegal drugs with the intent to deliver versus for personal use.

The Commonwealth and [Appellant] stipulated that the baggies containing the white crystalline substance found in [Appellant]'s vehicle were properly sent to the Pennsylvania State Police Laboratory for examination and analysis. Furthermore, the parties stipulated that the results of the analysis indicated that the substance contained in the baggies was methamphetamine.

[Appellant] testified that he is a licensed auction dealer and that on June 12, 2017, he was on his way to a car auction in Grantville, Pennsylvania and that is why he had such a large amount of cash in the vehicle. [Appellant] then explained that he operates a mobile car detailing business in which he takes a customer's car and lends the customer his personal vehicle while he is detailing the customer's car. [Appellant] stated that he most recently lent his vehicle to a customer on the Sunday prior to June 12, 2017, and that he had not had an opportunity to clean the vehicle out since that time.

Trial Court Opinion, 12/19/18, at 3-6 (footnote and citations omitted).

The jury convicted Appellant of all charges, and Appellant was sentenced as indicated above on July 11, 2018. Appellant filed a timely post-sentence motion challenging the sufficiency and weight of the evidence. The trial court entered an order denying Appellant's motion on December 19, 2018, and

Appellant filed a notice of appeal and statement of errors complained of on appeal on December 21, 2018.[1]

> Appellant presents the following issues for our review:
>
> [1.] Whether the Appellant's motion for acquittal should be granted due to the Commonwealth's failure to present sufficient evidence at trial to prove beyond a reasonable doubt that the Appellant possessed with intent to deliver methamphetamine, possessed methamphetamine, possessed marijuana, and paraphernalia?
>
> [2.] Whether the jury's verdicts were against the weight of the evidence as it pertains to establishing beyond a reasonable doubt that the Appellant possessed methamphetamine and marijuana?
>
> [3.] Whether the current law needs to be changed to deny probable cause search of a vehicle when the smell of marijuana is present?

Appellant's brief at 4.

We first consider the standard applicable to our review of Appellant's sufficiency challenge.

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all

---

[1] Pursuant to Pa.R.Crim.P. 720, Appellant's motion was denied by operation of law on November 13, 2018, beginning the running of the thirty-day window for Appellant to file a timely appeal, and the clerk of courts should have entered and served an order so indicating. However, the failure of the clerk to do so in the instant case constitutes a breakdown of court processes such that we shall not quash this appeal as untimely filed. *See Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa.Super. 2003) ("[W]here the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of [the] same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances.").

reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Williams***, 176 A.3d 298, 305-06 (Pa.Super. 2017)

(citations and quotation marks omitted).

The full extent of Appellant's sufficiency challenge is as follows:

In this matter, the Commonwealth failed to present sufficient evidence to support the jury's verdict of guilty on all counts. [Appellant] maintained at the time of the traffic stop and at trial that the controlled substances were not his. [Appellant] testified that the vehicle was in the possession of another person, who presumably left the substances in his vehicle.

Appellant's brief at 14.

Appellant's argument flies in the face of our standard of review: we view the evidence in the light most favorable to the Commonwealth as verdict winner, and we do not disturb the credibility determinations of the fact finder. The jury was free to reject Appellant's self-serving version of events, and accept Trooper Rudy's testimony, detailed above, which establishes the elements of the offenses at issue. ***See*** Trial Court Opinion, 12/19/18, at 7-9 (analyzing the Commonwealth's evidence as to the elements of the various offenses). Appellant's sufficiency challenge is meritless. ***Commonwealth v.***

*Hogentogler*, 53 A.3d 866, 876 (Pa.Super. 2012) ("We specifically find unavailing Appellant's sufficiency argument based on his self-serving version of the events, which the jury was free to disregard.").

Appellant next contends that the verdict was against the weight of the evidence. The following principles apply to our review of that claim.

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013).

The trial court addressed Appellant's weight challenge as follows:

> [Appellant] argues that the jury's verdict was against the weight of the evidence. [Appellant] cites to several facts to support his argument. Specifically, [Appellant] refers to the fact that the illegal drugs were found in a trash bag and that none of the evidence was processed for DNA or fingerprints. [Appellant] then reiterates his own testimony that the vehicle was in the possession of another person the prior day and he hadn't had a chance to clean it up. [Appellant] asserts that the jury should have afforded greater weight to his testimony.
>
> We disagree. Having found sufficient evidence to support the charges upon which [Appellant] was convicted, we find that the jury's verdict does not shock the conscious. Similarly, we find no denial of justice in the weight afforded by the jury to the testimony and evidence presented at trial. The finder of fact is free to believe all, part, or none of the evidence. Likewise, the fact finder makes

credibility determinations. [Appellant]'s argument exhorts this court to ignore such well-settled principles of law. Such a usurpation of the responsibility of the jury is impermissible and we would merely be substituting our judgment for that of the jury. Accordingly, we find that [Appellant] is not entitled to relief on this claim.

Trial Court Opinion, 12/19/18, at 10-11 (citations omitted).

Our review of the testimony and exhibits offered at trial reveals no indication that the trial court's determination that the verdict did not shock its conscience was the product of an error of law, was manifestly unreasonable, or was "a result of partiality, prejudice, bias or ill-will." **Clay**, **supra** at 1055 (internal quotation marks omitted). Accordingly, Appellant is entitled to no relief from this Court on his weight-of-the-evidence claim.

Finally, Appellant contends that "the current law needs to change" to reflect that possession of marijuana is legal under some circumstances, such that police "no longer have probable cause for a vehicle search in Pennsylvania" upon detecting the odor of marijuana. Appellant's brief at 15.

The argument does not afford Appellant relief for several reasons. First, it was not included in his 1925(b) statement, and thus was not preserved for our review. **Commonwealth v. Snyder**, 870 A.2d 336, 341 (Pa.Super. 2005) (finding issues waived for failure to raise them in a statement filed contemporaneously with the notice of appeal). Second, Appellant acknowledges that "[w]hen the traffic stop [in the instant case] occurred in June of 2017, it was illegal in Pennsylvania to possess any amount of marijuana." Appellant's brief at 14. Hence, the change in the law has no

relevance to this case. Third, Appellant's issue is waived because the argument is woefully underdeveloped and is unsupported by any citations to relevant authority. *See Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa.Super. 2012) (citing requirements of Pa.R.A.P. 2119). Fourth, as this Court recently acknowledged, "the smell of marijuana may still indicate that a crime is afoot, because the growth, distribution, possession, and use of marijuana without a state-issued permit remains illegal." *Commonwealth v. Batista*, ___ A.3d ___, 2019 WL 4727297 (Pa.Super. September 27, 2019). Consequently, no relief is due.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2019