J-S34039-21

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
RICHARD CARL GORDON, III :
:
Appellant : No. 543 MDA 2021

Appeal from the Judgment of Sentence Entered November 17, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006017-2019

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED JANUARY 18, 2022**

Richard Carl Gordon, III (Appellant) appeals from the judgment of

sentence[1] entered in the Lancaster County Court of Common Pleas following

his non-jury convictions of driving under the influence (DUI) of controlled

substances (marijuana) and failing to stop at a red signal.[2] On appeal,

Appellant contends the trial court erred in denying his motion to suppress

evidence obtained following his warrantless arrest and involuntary consent to

a blood draw. Additionally he challenges the constitutionality and application

_____

[1] The notice of appeal filed by counsel states the appeal is "from the denial of
[Appellant's] Omnibus Pre-Trial Motion . . . on August 14, 2020, and the
verdict of the Non-Jury Trial entered in this matter on November 17, 2020[.]"
Appellant's Notice of Appeal, 4/30/20. We remind counsel that "[i]n a criminal
action, appeal properly lies from the judgment of sentence made final by the
denial of post-sentence motions." **Commonwealth v. Shamberger**, 788
A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).

[2] 75 Pa.C.S. §§ 3802(d)(1)(i), (iii), 3112(a)(3)(i).

of the DUI statute in light of the Medical Marijuana Act (MMA).[3]  Pursuant to Pa.R.A.P. 1925(c)(3), we are compelled to remand this case to the trial court to file a responsive Rule 1925(a) opinion within 60 days of this decision.

Given our disposition, a detailed recitation of facts is not necessary. Briefly, on August 18, 2019, Appellant caused a vehicle accident when he drove through a red-light signal and struck another vehicle "just before 6:00 p.m." while he was on his way home from work.  N.T., Motion to Suppress H'rg, 8/14/20, at 5-6, 11, 14.  Manheim Township Police Officer Christian Garcia responded to the scene.  *Id.* at 3, 5.  Appellant was injured in the accident, and directed Officer Garcia to look in his wallet for his registration and insurance paperwork.  *Id.* at 7.  When doing so, the officer found a medical marijuana card.  *Id.*  Appellant was transported to the hospital.  *Id.* At the hospital, Appellant admitted to Officer Garcia that he had smoked marijuana "roughly around [10] or 10:30" that morning.  *Id.* at 8.  Officer Garcia later spoke with Appellant's fiancé who "admitted [Appellant] smoked before leaving [ ] work[,]" which was just prior to the accident.  *Id.* at 11. The officer obtained Appellant's consent for a blood draw, which subsequently returned positive for marijuana.  *Id.* at 9-10, 33.

Appellant was charged with DUI (drugs) under subsections 3802(d)(1)(i)(1) (any amount of Schedule 1 controlled substance), (d)(1)(iii)

---

[3] ***See*** 35 P.S. §§ 10231.101 to 10231.210.

(metabolite of controlled substance), and (d)(2) (impaired ability),[4] and failure to stop at red signal. He filed a pretrial motion to suppress, challenging his warrantless arrest and consent to the blood draw, as well as a motion to dismiss based on a violation of the MMA. Following a hearing, the trial court denied the motion on August 14, 2020. Appellant proceeded to a non-jury trial, and was convicted of DUI under subsections 3802(d)(1)(i) and (d)(1)(iii), and the summary traffic offense. The remaining charge of DUI-impaired ability was *nolle prossed*. The trial court sentenced Appellant to an aggregate term of 5 years' probation, 90 days' house arrest, and other DUI-related restrictions.

Appellant filed a timely post-sentence motion, which was denied by operation of law on March 31, 2021.[5] This timely appeal followed. On May 3, 2021, the trial court ordered Appellant to file a concise statement of errors

---

[4] 75 Pa.C.S. § 3802(d)(2).

[5] Pursuant to Pennsylvania Rule of Criminal Procedure 720, a trial court has 120 days to rule upon a post-sentence motion, or motion is deemed denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a). Here, the 120-day period expired on March 17, 2021. However, Rule 702(B)(3)(c) requires the clerk of courts, at the expiration of the 120-day period, to enter on the docket, and serve on the parties, an order deeming the motion denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(c). In the present case, the clerk of courts failed to enter an order denying Appellant's post-sentence motion until March 31, 2021. Appellant filed a notice of appeal less than 30 days later. "[W]here the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003).

complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days, or by May 24, 2021.[6] Appellant filed an untimely Rule 1925(b) statement on June 7, 2021. The trial court subsequently issued an opinion on June 4, 2021, stating, that due to Appellant's "failure to file a timely concise statement, [it] will be requesting that the appeal be dismissed[.]" Trial Ct. Op., 6/4/21, at 1. The court also stated it would not be filing a responsive opinion. *See id.*

Appellant raises the following three issues on appeal:

1. Did the [t]rial [c]ourt err in convicting [Appellant] because § 3802(d)(1) punishes medical marijuana patients solely for consuming medical marijuana, contrary to the provisions of the Medical Marijuana Act?

2. Did the [t]rial [c]ourt err in denying [Appellant's] Omnibus Pre-Trial Motion because Officer Garcia did not have probable cause to arrest [Appellant] pursuant to § 3802?

3. Did the [t]rial [c]ourt err in denying [Appellant's] Omnibus Pre-Trial Motion because [Appellant] did not voluntarily, knowingly, nor intelligently consent to a chemical blood test?

Appellant's Brief at 6.

Before reaching the merits, we note our review of Appellant's substantive claims is hampered by the lack of a responsive Rule 1925(a) opinion. As noted *supra*, the trial court found all of Appellant's issues were

---

[6] The trial court's Rule 1925(b) order states: "Copies of [Appellant's Rule 1925(b) statement] must be delivered to my Chambers by" May 24, 2021. Order, 5/3/21. We note that in certain circumstances directing an appellant to deliver copies of their statement generally to the court's chambers would be insufficient to comply with the requirements of the rule. *See* Pa.R.A.P. 1925(b)(3) (stating the order shall include an "**address** to which the appellant can mail the [s]tatement[ or] provide other alternative means for the appellant to serve the [s]tatement on the" court).

waived based upon his failure to file a timely concise statement.  However, pursuant to Rule 1925(c)(3):

> If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a [s]tatement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Here, counsel for Appellant filed a concise statement approximately two weeks after the trial court's deadline.  Because counsel untimely filed the Rule 1925(b) statement, we conclude they provided *per se* ineffective assistance pursuant to subsection (c)(3).  **See** Pa.R.A.P. 1925(c)(3).  Moreover, since the trial court's Rule 1925(a) opinion did not address Appellant's substantive claims, we remand for the trial court to file, within 60 days of the filing of this Memorandum, a Rule 1925(a) opinion addressing the issues raised in Appellant's untimely statement.  **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. Thompson**, 39 A.3d 335, 340-41 (Pa. Super. 2012) (when counsel is *per se* ineffective, this Court may remand to the trial court for an opinion responsive to an untimely 1925(b) statement).

Case remanded for actions consistent with this Memorandum.  Panel jurisdiction retained.