J-A22015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNY SCOTT BAILEY | : | |
| | : | |
| Appellant | : | No. 1034 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 13, 2021
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000371-2018

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED: October 6, 2023**

Denny Scott Bailey appeals from the judgment of sentence imposed

after he was convicted of, *inter alia*, first-degree murder. We affirm.

The trial court set forth the following background and procedural history

of this matter:

> On April 3, 2018, a criminal complaint was filed charging
> [Appellant] . . . with the murder of Chase Anderson. . . . The
> charges stemmed from an incident that occurred on the evening
> of August 12, 2017 into the morning of August 13, 2017. During
> the incident, [Appellant] and his co-defendant, Kenja Tew, lured
> . . . Anderson to a secluded area in the woods, and assaulted,
> stabbed, and slit the throat of . . . Anderson. [Appellant] and Tew
> then attempted to burn Anderson's body. After the killing,
> [Appellant], Tew, and another co-defendant, Chantell Demi,
> cleaned the blood off of their bodies, burned the clothing they
> were wearing during the attack, and buried the weapons used.
>
> The case proceeded through the normal pre-trial
> procedures[,] with each side filing numerous pre-trial motions.
> One of the pre-trial motions filed by [Appellant] was the second
> amended omnibus pretrial motions. The omnibus motions

included a motion for change of venue, which asserted that there was extensive media coverage of the case, and [Appellant] could not receive a fair and impartial jury in Clearfield County. A hearing on [Appellant]'s pretrial motions was held on June 20, 2019, and the motion for change of venue was ultimately denied by an . . . opinion and order dated January 23, 2020.

Jury selection was held on August 12, 2021. Twelve jurors and six alternates were empaneled as the jury for the case. On October 26, 2021, [Appellant]'s eight-day jury trial commenced. Upon conclusion of the jury trial, the jury entered a verdict of guilty for all counts on the information,[1] including murder in the first degree.

Trial Court Opinion, 12/1/22, at 1-2.

On December 13, 2021, the trial court sentenced Appellant to life without possibility of parole for the murder conviction and imposed various consecutive and concurrent periods of incarceration as to the remaining charges that did not merge for sentencing purposes. *Id*. at 2. The sentencing order was amended several days later and included a no contact provision concerning several of the victims and their families. *See* Amended Sentence Order, 12/16/21, at unnumbered 2.

Appellant filed a timely post-sentence motion, arguing as one of his claims that the sentence was illegal because the court had no authority to impose conditions on a state sentence. After a hearing and consideration of

---

[1] The charges included criminal homicide, aggravated assault, kidnapping, various counts of criminal conspiracy, tampering with evidence, abuse of corpse, simple assault, and recklessly endangering another person.

briefs, the court granted the motion in part as to this issue on August 9, 2022.[2]

Accordingly, the court issued an amended sentencing order, which was entered on August 10, 2022. Appellant filed a timely notice of appeal on September 9, 2022.[3]

Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents a single issue on appeal: "Whether the lower court erred in denying Appellant's motion for change of venue." Appellant's brief at 8 (cleaned up).

_____

[2] We note that the court's order was entered more than 120 days from the date the motion was filed. Generally, if a court does not decide a post-sentence motion within 120 days, it shall be deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). In that event, "the clerk of courts shall forthwith enter an order on behalf of the court . . . that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c). Here, although the court granted the motion after the 120-day period, the clerk of courts did not enter any order deeming the motion denied. We have held that under similar circumstances, this constitutes a "breakdown in the court system." *Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa.Super. 2003). Accordingly, in the interest of judicial economy, we exercise our power under Pa.R.A.P. 105(a) to disregard these technical errors and consider the appeal as properly filed.

[3] On December 19, 2022, this Court directed Appellant to show cause as to why the appeal should not be quashed as untimely since, among other things, the notice of appeal was filed thirty-one days from the date indicated on the court's amended sentence order. Appellant submitted a timely response, and we discharged the rule, advising that the issue may be revisited by this panel. Based on our review of the certified record, there is no indication that the amended sentence, dated September 9, 2022, was imposed in open court. Rather, it appears to have been issued by the court in conjunction with the decision to grant in part Appellant's post-sentence motion and was not docketed until September 10, 2022. We consequently determine that Appellant's appeal, filed exactly thirty days from the date the amended sentence was entered on the docket, is timely.

Our standard of review relating to the trial court's denial of a motion for a change of venue "is whether there has been an abuse of discretion on the part of the trial judge." ***Commonwealth v. Devries***, 112 A.3d 663, 666 (Pa.Super. 2015). It is axiomatic that "[v]enue or venire may be changed by that court when it is determined after hearing that a fair and impartial trial cannot otherwise be had in the county where the case is currently pending." Pa.R.Crim.P. 584(A). Our High Court has stated that "the trial court is in the best position to assess the atmosphere of the community and to judge the necessity of any requested change." ***Commonwealth v. Briggs***, 12 A.3d 291, 313 (Pa. 2011).

Further, in addressing this type of claim, this Court has observed as follows:

> For pre-trial publicity to be presumptively prejudicial, a defendant must prove, *inter alia*, that the publicity was so extensive, sustained, and pervasive without sufficient time between publication and trial for the prejudice to dissipate, that the community must be deemed to have been saturated. The publicity must be . . . inflammatory and slanted toward conviction rather than factual and objective. Finally, even if there has been inherently prejudicial publicity which has saturated the community, no change of venue is warranted if the passage of time has sufficiently dissipated the prejudicial effects of the publicity.

***Commonwealth v. Tanner***, 205 A.3d 388, 393 (Pa.Super. 2019) (cleaned up).

Appellant argues that the court erred in denying his motion because pre-trial coverage from the media was "extensive, sustained, and pervasive."

Appellant's brief at 16. He highlights that ten of out fifty-eight prospective jurors from the pool had familiarity with the case. *Id*. at 15. He also notes that one selected juror was excused after making comments indicating that she decided Appellant's guilt before the presentation of all evidence. *Id*. He believes that this fact, combined with a statement made by that juror after being dismissed, demonstrated the pervasive nature of the coverage.[4] *Id*.

In rejecting Appellant's claim, the trial court noted that Appellant and the Commonwealth were able to select a full jury with six alternatives, and thus there was no basis in which to find actual prejudice. *See* Trial Court Opinion, 12/1/22, at 4. It also stated that while some potential jurors likely had awareness of the case due to media coverage, all that were empaneled stated that they had the ability to set aside what they knew and make a fair decision. *Id*. Further, the court emphasized that at the end of jury selection and before each break during trial, the jury was instructed not to investigate the case or discuss it with others. *Id*. As such, the court concluded that

---

[4] The remark in question, which was made immediately after the court excused the juror and requested that she not discuss the matter with anyone else, was made in the following exchange:

Juror: I feel better this way anyway, just because –

The court: These are not easy things to do.

Juror: Well, no. And I raised my hand several times that I've known how many people in recollection [*sic*] to this case.

N.T. Trial, 11/2/21, at 18.

Appellant could not meet his burden of showing either a presumption of pre-trial prejudice or actual prejudice. *Id*. at 3.

For its part, the Commonwealth contends that any pre-trial publicity in this matter "was not inherently prejudicial" since media coverage was mostly factual and objective, which is evidenced by the news articles Appellant attached to his motion for change of venue and also appended to his brief to this Court. Commonwealth's brief at 6. It cites ***Commonwealth v. Karenbauer***, 715 A.2d 1086 (Pa. 1998), for the proposition that bald or boilerplate allegations of sensationalism, like those asserted by Appellant here, are insufficient. *Id*. at 6-7. It further maintains that it was nearly four years to the day between the incident and the beginning of trial, which constituted enough "cooling off time between the publicity and jury selection." *Id*. at 10.

Upon review of the certified record and the applicable law, we discern no abuse of discretion with the trial court's decision to deny the motion for change of venue. As Appellant acknowledges in his own brief, his claim is difficult to prove in light of the fact that a full jury, with six alternatives, was chosen in this case. ***See*** Appellant's brief at 14. Appellant offered no evidence that any of the empaneled jurors who rendered the verdict were partial, and thus he has not proven actual prejudice. ***See Briggs***, ***supra*** at 313 (stating that to be entitled to relief, a defendant must generally show "actual prejudice by preventing the empaneling of an impartial jury").

Moreover, this is not a case where pretrial attention was so significant as to create a presumption of prejudice. Appellant advances no compelling argument that any of the media coverage was "inflammatory and slanted toward conviction rather than factual and objective."[5] **Tanner**, **supra** at 393. The statement from the excused juror about knowing "many people in recollection to this case" merely iterated, at most, that the community had been exposed to the background of the case.

Finally, even if we were to presume, *arguendo*, that there was pervasive pre-trial coverage, we find that four years was an adequate passage of time to dissipate any prejudicial effects of the publicity. Our Supreme Court has held that, in considering whether the cooling off period was sufficient, a court must "investigate what a panel of prospective jurors has said about its exposure to the publicity in question" and that "what prospective jurors tell us about their ability to be impartial will be a reliable guide to whether the publicity is still so fresh in their minds that it has removed their ability to be objective." **See Briggs**, **supra** at 314. As the trial court aptly summarized, extensive *voir dire* was conducted as to the potential jurors, and only those

_____

[5] We note that Appendix "D" to Appellant's brief includes various news articles from differing sources concerning the investigation and prosecution of Appellant and the other co-defendants in this matter. Our review confirms that these were the same pieces attached as exhibits to Appellant's underlying pre-trial motion to change venue. **See** Second Amended Omnibus Pretrial Motions, 1/28/19 (Exhibits A-C). However, Appellant does not discuss how these items support his contention that the attention surrounding this case was sensational or lacking in objectiveness, or that the community "must be deemed to have been saturated." **Commonwealth v. Tanner**, 205 A.3d 388, 393 (Pa.Super. 2019).

- 7 -

that represented their ability to fairly and impartially decide the case were empaneled. *See* Trial Court Opinion, 12/1/22, at 4. Accordingly, Appellant was not entitled to a change of venue for his trial.

Since Appellant presents no meritorious issues on appeal, we do not have cause to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/6/2023