J-S18037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD LYNN RAMSDORFER JR. | : | |
| | : | |
| Appellant | : | No. 1243 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 30, 2023
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000177-2022

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:          **FILED: July 15, 2024**

Gerald Lynn Ramsdorfer, Jr. ("Ramsdorfer") appeals from the judgment of sentence imposed after he pled guilty to criminal mischief graded as a misdemeanor of the third degree.[1] We affirm.

In January 2023, Ramsdorfer entered an open guilty plea to the above-listed crime. The charges arose from an incident wherein Ramsdorfer and a co-defendant broke into a garage and stole patio furniture and a bicycle. Following its receipt of a pre-sentence investigation report ("PSI"), the trial court sentenced Ramsdorfer to a low-end, standard-range sentence of three to twelve months in county jail. The trial court released Ramsdorfer on bail pending appeal.

---

[1] 18 Pa.C.S.A. § 3304(a)(2).

Ramsdorfer filed a timely post-sentence motion for reconsideration of sentence, which the trial court denied. The instant, timely[2] appeal followed.[3]

Ramsdorfer raises the following issue:

> Whether the [trial] court abused its discretion in sentencing [Ramsdorfer] to three [] to twelve months in . . . [j]ail[?]

Ramsdorfer's Brief at 6.

In his only issue, Ramsdorfer challenges the discretionary aspects of his sentence. *See id*. at 11-16. There is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Before reaching the merits of a discretionary sentencing claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved h[er] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

---

[2] This Court has found a breakdown in the trial court when a post-sentence motion is not denied within 120 days and/or the clerk of the courts has not deemed the motion denied by operation of law and sent a copy of the order to the parties. *See Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003). When a trial court denies a post-sentence motion after the 120-day period and the appellant, as he did here, files a notice of appeal within 30 days of the denial, the appeal is deemed timely. *See id*.

[3] Ramsdorfer and the trial court complied with Pa.R.A.P. 1925.

Ramsdorfer preserved his sentencing issue in a post-sentence motion, filed a timely appeal, and included in his brief a statement of the reasons relied upon for allowance of appeal. Therefore, we consider whether Ramsdorfer has raised a substantial question.

Ramsdorfer contends the trial court failed to consider and properly weigh mitigating factors in sentencing him. *See* Ramsdorfer's Brief at 4-5. However, this Court has long held a claim asserting only a trial court's failure to properly consider mitigating factors does not raise a substantial question. *See Commonwealth v. Radecki*, 180 A.3d 441, 469-70 (Pa. Super. 2018) (collecting cases). Thus, Ramsdorfer has not raised a substantial question.

Even if we were to reach Ramsdorfer's discretionary aspect of sentencing claim, no relief would be due.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Pennsylvania law views a sentence is within the standard range of the guidelines as appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). We may only vacate a guidelines-range sentence when it is "clearly unreasonable." 42 Pa.C.S.A.

§ 9781(c)(2). In addition, when the trial court has had the benefit of a PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).

Here, the trial court considered the PSI, the arguments of counsel, Ramsdorfer's prior record score of "RFEL," the sentencing guidelines, and Ramsdorfer's allocution. **See** N.T., 3/30/23, at 7, 11. After careful review, we conclude Ramsdorfer's low-end, standard-range sentence was neither excessive nor clearly unreasonable and discern no abuse of discretion in sentencing. **See**, **e.g**., **Moury**, 992 A.2d at 171 (holding a sentence within the standard range of the guidelines is viewed as appropriate, and the sentence is not unreasonable where the trial court had the benefit of a PSI and imposed a standard-range sentence); **see also Commonwealth v. Raven**, 97 A.3d 1244, 1254-55 (Pa. Super. 2014) (holding defendant's standard-range sentences were neither unreasonable nor excessive where the "record reflects that the [sentencing] court carefully considered all of the evidence presented at the sentencing hearing").

As we discern no abuse of discretion by the trial court, Ramsdorfer's sentencing issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/15/2024