J-S03013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HERMAN ORLANDO HELLAMS | : | |
| | : | |
| Appellant | : | No. 469 WDA 2020 |

Appeal from the PCRA Order Entered February 19, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014767-2015

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                              **FILED: JUNE 8, 2021**

Appellant, Herman Orlando Hellams, appeals *pro se* from the February 19, 2020 Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant challenges PCRA counsel's effectiveness and the court's decision to dismiss his Petition without a hearing. After review, we affirm.

On July 28, 2016, a jury found Appellant guilty of Indecent Assault of a Person Less than 13 Years of Age, Corruption of Minors, and Endangering the Welfare of Children. The court imposed an aggregate sentence of five to ten years' incarceration. This Court affirmed Appellant's Judgment of Sentence on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-46.

May 3, 2018. ***Commonwealth v. Hellams***, 192 A.3d 217 (Pa. Super. filed May 3, 2018) (non-precedential decision).

Appellant filed the instant *pro se* PCRA Petition on September 20, 2019,[2] raising allegations of trial court error and trial and appellate counsel ineffectiveness. The court appointed counsel on September 23, 2019. On January 3, 2020, counsel filed a ***Turner***/***Finley***[3] no-merit letter and accompanying Motion to Withdraw as counsel. On January 7, 2020, the court gave notice of its intent to dismiss without a hearing pursuant Pa.R.Crim.P. 907. The court gave Appellant 20 days to respond to the Order. Appellant did not file a response. The court dismissed Appellant's Petition on February 19, 2020.

_____

[2] The Commonwealth challenges the timeliness of Appellant's *pro se* Petition. Appellant's Petition was due on or before June 4, 2019. ***See*** 18 Pa.C.S. § 903; 42 Pa.C.S. §§ 9545(b)(1), (3). Appellant argued, however, that although the court did not docket his Petition until September 20, 2019, it first received his Petition on April 29, 2019, but then lost it. ***Turner***/***Finley*** Letter, 1/3/20, at 4. As proof, Appellant included in his *pro se* Petition a FedEx receipt demonstrating that, on April 29, 2019, an Allegheny County court clerk signed for a shipment from Appellant. PCRA Petition, 9/20/19, at 50 (unpaginated). He also included a letter he authored to the Clerk of Courts indicating his compliance with the clerk's instruction to re-send his Petition. ***Id.*** at 51. Finally, we observe that Appellant's Petition includes a Proof of Service directed to the Clerk of Courts dated April 23, 2019. ***Id.*** at 49. We conclude that a breakdown in the court system caused Appellant's otherwise timely Petition to be untimely docketed. ***See Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003) (excusing untimely filing caused by court clerk error constituting "a breakdown in the court system."). We will, thus, treat Appellant's Petition as timely filed.

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant timely filed a *pro se* Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

Appellant raises the following issues on appeal:

[1.] Should [PCRA counsel's] representation of Appellant throughout the PCRA stage be viewed as ineffective[;]

[2. W]as PCRA counsel's ***Finley*** 'no merit' letter [] defective[;] and

[3. D]id the PCRA court err when allowing [PCRA counsel] to withdraw as [] counsel and in dismissing [] Appellant's *pro se* PCRA Petition without an evidentiary hearing[.]

Appellant's Br. at 2 (unnecessary capitalization omitted).

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009).

In his first issue, Appellant posits multiple claims of PCRA counsel ineffectiveness. In his second issue, Appellant challenges the effectiveness of PCRA counsel's ***Turner***/***Finley*** no-merit letter. Appellant's Br. at 11-20.

In its Rule 1925(a) Opinion, the PCRA court concluded that Appellant waived these issues by failing to raise them in response to the PCRA court's Rule 907 Notice. PCRA Ct. Op., 5/13/21, at 4. We agree.

_____

[4] The PCRA court issued a Pa.R.A.P. 1925 Order on June 5, 2020, requiring Appellant to file a Rule 1925(b) Statement within 21 days. Appellant failed to do so. However, the docket did not indicate when or how the clerk of courts served this Order on Appellant. Thus, we deemed Appellant's failure to file a Rule 1925(b) Statement to be the result of a breakdown in the court process, and remanded for the filing of a properly served Rule 1925 Order, Rule 1925(b) Statement, and Rule 1925(a) Opinion. Appellant and the PCRA court have complied with our Order.

An appellant cannot challenge PCRA counsel's effectiveness or the adequacy of counsel's **Turner**/**Finley** letter for the first time on appeal. **Pitts**, 981 A.2d at 880. Rather, an appellant must raise such allegations in response to the PCRA court's Rule 907 notice of intention to dismiss. **Id.**; **See also Commonwealth v. Robinson**, 139 A.3d 178, 184 n.8 (Pa. 2016) (discussing case law holding that claims of PCRA counsel ineffectiveness may not be raised for the first time on appeal from a denial of PCRA relief). Failure to do so will result in waiver. Pa.R.A.P. 302(a) ("Issues not raised in the [lower] court are waived and cannot be raised for the first time on appeal.").

Appellant did not file a response to the court's Rule 907 Notice and, therefore, did not challenge PCRA counsel's effectiveness and the **Turner**/**Finley** letter in the lower court. Instead, Appellant raised these issues for the first time on appeal. Pursuant to **Pitts**, **supra**, we are constrained to conclude that Appellant waived our consideration of his first two issues.

In his third issue, Appellant argues that the PCRA court erred by failing to conduct an evidentiary hearing. Appellant's Br. at 20.

It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). We review a PCRA court's decision to dismiss a petition without a hearing for an abuse of discretion. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). "It is the responsibility of the reviewing court on appeal to

examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted).

In his 53-page *pro se* PCRA Petition, Appellant raised numerous allegations of error, grouped into four classes of claims: (1) trial court error, (2) prosecutorial misconduct, (3) trial counsel ineffectiveness, and (4) direct appellate counsel ineffectiveness for failing to raise trial counsel's ineffectiveness on direct appeal. PCRA Petition, 9/20/19, at 8-53. It is this Court's duty to review these issues to ensure that no genuine issues of material fact existed to necessitate a hearing. *Wah*, *supra* at 338.

Initially, we agree with the PCRA court's conclusion that Appellant's first, second, and fourth classes of claims present no issues of material fact. PCRA Ct. Op., 1/7/20. Appellant waived his allegations of trial court error and prosecutorial misconduct by failing to raise them on direct appeal.[5] *See* 42 Pa.C.S. § 9543(a)(3) (petitioner must plead and prove that allegation of error has not been waived); 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial [or] on appeal[.]"). Likewise, direct appellate counsel was not ineffective for failing to raise trial counsel ineffectiveness, as those claims are appropriately raised for

---

[5] None of Appellant's claims involve the after-trial discovery of exculpatory evidence.

the first time on collateral review. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002).

With respect to his remaining claims, Appellant alleges that trial counsel was ineffective for failing to (1) introduce into evidence a video that the trial court precluded; (2) raise a ***Brady***[6] claim based on the prosecution's failure to produce a different video that multiple witnesses testified did not exist; and (3) employ certain trial strategies that Appellant retrospectively desires. PCRA Petition, 9/20/19, at 8-53.

The PCRA court concluded that these claims lacked merit. PCRA Ct. Or., 1/7/20. We agree.

With respect to Appellant' first issue, the trial court ruled on the record that the video was inadmissible. N.T. trial, 7/26/18, at 95-101. As a result, it was evident from the record that trial counsel was not ineffective for failing to admit a video the court barred.

Regarding Appellant's second issue, multiple witnesses testified on the record that this video did not exist. ***Id.*** at 34, 42-43. Thus, the record reveals that trial counsel was not ineffective for failing to pursue a meritless ***Brady*** claim.

Finally, it is axiomatic that, with exception to "important decisions," defense counsel is not obligated to consult with his client for every tactical decision. ***Commonwealth v. Brown***, 18 A.3d 1147, 1158 (Pa. Super. 2011).

---

[6] ***Brady v. Maryland***, 373 U.S. 83 (1963).

The defendant has the ultimate authority to determine "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." ***Id.*** (citing ***Florida v. Nixon***, 543 U.S. 175, 187 (2004)). A review of the record reveals that each strategic complaint Appellant raised fell into the category of decisions counsel can make without first consulting his client.[7] The PCRA court resolved each of these issues by review of the record, and no issue of fact exists to necessitate a hearing.

In his Brief, Appellant asserts only that the PCRA court should have held a hearing to determine his PCRA counsel's effectiveness. Appellant's Br. at 20-21.

In its Rule 1925(a) Opinion, the PCRA court reiterated that Appellant did not respond to its Rule 907 Notice and, therefore, did not raise PCRA counsel's effectiveness before it. PCRA Ct. Op., 5/13/21, at 5. Since Appellant did not raise PCRA counsel's effectiveness at any time prior to this appeal, that issue could not form a basis on which the court could have convened a hearing.

_____

[7] For example, Appellant asserts that trial counsel should have focused more on picayune inconsistencies in Commonwealth witness testimony. PCRA Petition, at 19. The record reveals that, in closing argument, counsel took specific care to focus on "major discrepancies" in the Commonwealth's case. N.T. Trial, 7/28/16, at 197. No material fact existed regarding trial counsel's effectiveness for choosing to focus on major, rather than minor, discrepancies.

Additionally, counsel adequately represented Appellant at trial by calling multiple witnesses, making appropriate objections, cross-examining Commonwealth witnesses, and conferring with Appellant. N.T. Trial, 7/26-28/16, at 33-34, 38, 39, 49, 51-61, 67,68-72, 73, 87-90, 92-94, 109-111, 116, 118-120, 130, 134, 141, 147-51, 163-69. There is no indication in the record that counsel's representation was ineffective.

We have reviewed Appellant's PCRA Petition and the certified record and conclude that the record supports the PCRA court's conclusion that no genuine issue of fact existed to necessitate a hearing. As a result, we discern no abuse of the trial court's discretion in refusing to hold a PCRA hearing.

Order affirmed.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/2021