J-A06019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KING EDWARDS | : | |
| | : | |
| Appellant | : | No. 1154 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 19, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006312-2017

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: April 30, 2024**

King Edwards appeals from his judgment of sentence entered on April 19, 2022, for his convictions of third-degree murder, robbery, and conspiracy to commit robbery.[1] Edwards challenges the discretionary aspects of his sentence. We affirm.

On February 21, 2017, Edwards, along with three co-defendants, assaulted the victim, a taxicab driver, and robbed him. The victim died on February 24, 2017, due to the injuries caused by Edwards and his co-defendants. On July 9, 2017, Edwards was charged with homicide, robbery, and two counts of conspiracy.[2]

_____

[1] 18 Pa.C.S. §§ 2502(c), 3701(a)(1)(i), and 903, respectively.

[2] 18 Pa.C.S. §§ 2501(a), 3701(a)(1)(i), and 903, respectively.

Edwards cooperated with police and testified against one of his co-defendants at his trial. Based on Edwards' cooperation, the Commonwealth agreed to amend the homicide charge to third-degree murder and withdraw one count of conspiracy. There was no agreement as to sentence. Edwards pled guilty on April 19, 2022, and immediately proceeded to sentencing. The trial court sentenced Edwards to 15 to 30 years' incarceration for third-degree murder, a consecutive 4 to 8 years' incarceration for robbery, and 5 years of consecutive probation for conspiracy.

On April 29, 2022, Edwards filed a post-sentence motion claiming the trial court imposed a manifestly excessive sentence. On August 31, 2022, the trial court denied Edwards' post-sentence motion.[3] Edwards timely appealed and complied with the trial court's order to file a 1925(b) statement. **See** Pa.R.A.P. 1925(b).

Edwards raises one claim:

---

[3] A post-sentence motion is denied by operation of law when not decided within 120 days. **See** Pa.R.Crim.P. 720(B)(3)(a). In this case, the trial court had until August 29, 2022, to file a decision regarding the post-sentence motion. The clerk of courts is required to enter an order on the 120th day denying the motion by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(c). That did not occur in this case, and the trial court entered an order denying the post-sentence motion two days later. We have consistently found an appeal timely when filed within 30 days of the order denying the post-sentence motion even though entered beyond the 120-day limit. **See Commonwealth v. Juray**, 275 A.3d 1037, 1040 n.1 (Pa. Super. 2022); **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003). As such, we find there was a breakdown in court operations and deem this appeal timely filed, as it was filed within 30 days of the order denying his post-sentence motion.

Did the lower court abuse its discretion by imposing a term of 19 to 38 years' imprisonment, where it failed to account for the significant mitigating evidence presented at sentencing, as well as Edwards' timely and significant cooperation in his codefendants' cases?

Appellant's Brief, at 4. This is a challenge to the discretionary aspects of sentencing and, therefore, is a petition for permission to appeal. *See*

*Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015) (citation and brackets omitted).

Edwards met the first three requirements by filing a timely notice of appeal, raising the claim in a post-sentence motion requesting a modification of his sentence, and including a Rule 2119(f) statement in his brief. *See* Pa.R.A.P. 2119(f). Therefore, we will determine if Edwards has raised a substantial question that his sentence is not appropriate under the Sentencing Code.

[T]he appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement

> to determine whether a substantial question exists. Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Hill***, 66 A.3d 359, 363-64 (Pa. Super. 2013) (citations and emphasis omitted). "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Crawford***, 257 A.3d 75, 78-79 (Pa. Super. 2021) (citation omitted). "A Rule 2119(f) statement is inadequate when it contains incantations of statutory provisions and pronouncements of conclusions of law." ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) (citation and quotation marks omitted).

Edwards claims the trial court failed to consider "significant mitigating evidence" and his cooperation against his co-defendants. Appellant's Brief, at 4. However, within his Rule 2119(f) statement, Edwards does not enumerate what mitigation evidence was not considered. ***See id.*** at 16-19. In fact, Edwards' Rule 2119(f) statement is solely "incantations of statutory provisions and pronouncements of conclusions of law." ***Radecki***, 180 A.3d at 468 (citation omitted); ***see*** Appellant's Brief, at 16-19. "In addition, this Court repeatedly has held that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Crawford***, 257 A.3d at 79 (citations omitted); ***see Commonwealth v. Clary***, 226 A.3d 571, 580 (Pa. Super. 2020); ***Radecki***, 180 A.3d at 469; ***Commonwealth v. Cannon***, 954 A.2d 1222, 1229 (Pa. Super. 2008). Based on Edwards' Rule

- 4 -

2119(f) statement, we conclude that he has failed to raise a substantial question for this Court's review.

Even if we were to find Edwards raised a substantial question, we would find he is not entitled to relief.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Taylor***, 277 A.3d 577, 592-93 (Pa. Super. 2022) (citation omitted).

Edwards claims his sentence is manifestly excessive because the trial court did not give enough consideration to the mitigating circumstances, including Edwards' young age, lack of a criminal record, the environment he was raised in, and his cooperation with the Commonwealth and testimony against his co-defendants. **See** Appellant's Brief, at 22. Further, Edwards claims the trial court was biased because he referenced his own upbringing in a bad neighborhood and poor community. **See id.** at 22-23. Finally, Edwards asserts the trial court abused its discretion when it imposed a sentence considering "conduct Edwards didn't plead guilty to[.]" **Id.** at 34. Edwards believes these errors require a new sentencing hearing. **See id.** at 37. We disagree.

At sentencing, the trial court explained that it:

reviewed the arguments of counsel, considered the arguments of counsel. Considered your statement, as well as your mother's statement, as well as the victim impact statements, and the arguments of [the Commonwealth]. I've also taken into consideration the fact that you did cooperate and assist with prosecuting Mr. Russell. So, Mr. Edwards, I have to tell you, actions create consequences. You have to be accountable. And there is, even with this sentence, there's no way you can make this situation right with [the victim] or his family. You can't fix it. But at the end of the day, you do have to be accountable.

N.T. Plea and Sentencing Hearing, 4/19/22, at 47.

Further, based on a thorough review of the plea and sentencing hearing, it is clear it supports the trial court's sentence. First, the record reflects the trial court considered Edwards age, lack of criminal record, environment he was raised in, and his cooperation before imposing sentence. *See* N.T. Plea and Sentencing Hearing, 4/19/22, at 38-40. Further, the sentence was not manifestly excessive. The trial court discussed the guidelines and sentenced Edwards in the middle of the guidelines for both third-degree murder and robbery and, in fact, Edwards received a significant downward departure from the guidelines for the conspiracy conviction. *Id.* at 46-47. Therefore, Edwards' claim that his sentence is manifestly excessive because the trial court failed to consider mitigating factors does not merit relief.

Edwards's assertion that the trial court's reference to his own upbringing in a bad neighborhood evidences he was biased against Edwards likewise lacks merit. *See* Appellant's Brief, at 34-35. Our review of the record does not reveal any degree of bias against Edwards. *See* N.T. Plea and Sentencing Hearing, 4/19/22, at 38-43. Nor do we find the trial court's comment that

growing up in a bad neighborhood or poor community did not excuse Edwards' criminal conduct to be an impermissible or irrelevant factor for the court to consider. We could not find a case, nor did Edwards point us to any, which holds that a judge's comments similar to the comments made by the sentencing judge here are impermissible. Furthermore, the record reflects this comment, even if it were impermissible, was not a significant factor in the trial court's sentence where the court properly considered multiple factors as described above, particularly where Edwards' sentence was well within the sentencing guidelines. *See Commonwealth v. Sheller*, 961 A.2d 187, 192 (Pa. Super. 2008) (noting that "[e]ven if a sentencing court relies on a factor that should not have been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines."); *Commonwealth v. Durazo*, 210 A.3d 316, 324 (Pa. Super. 2019) (same). This claim does not merit relief.

In his last claim, Edwards asserts the trial court erred in considering conduct that he did not plead guilty to while sentencing Edwards. This claim is belied by the record. Edwards pled guilty to third-degree murder, robbery, and conspiracy and admitted to participating in a conspiracy to commit robbery and his assistance in committing the robbery. *See* Appellant's Brief, at 8; N.T. Plea and Sentencing Hearing, 4/19/22, at 11-12. Edwards admitted to punching the victim and that the victim died as a result of the attack by Edwards and his three co-defendants. *See* Appellant's Brief, at 9; N.T. Plea

- 7 -

and Sentencing Hearing, 4/19/22, at 12. Based on the facts Edwards admitted during his plea, the trial court correctly noted that a jury would likely find him guilty of second-degree murder and he would face the remainder of his life in prison. **See** N.T. Plea and Sentencing Hearing, 4/19/22, at 39 ("But your charges were also reduced. You were looking at a life sentence before those things occurred. Your sentence would've been life without parole.").

The trial court was free to consider the facts that Edwards pled guilty to and fashion a sentence around those facts. This claim does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/30/2024