**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD TRUESDALE | : | |
| | : | |
| Appellant | : | No. 821 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No:  CP-09-CR-0000526-2023

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 1, 2025**

Appellant, Leonard Truesdale, appeals from the judgment of sentence entered on September 27, 2023 by the Court of Common Pleas of Bucks County, which imposed an aggregate term of 15 to 30 years' imprisonment in a state correctional institution.  Upon review, we affirm.

The procedural background of the instant appeal is not at issue.  On July 14, 2023, Appellant pled guilty to 21 counts of making materially false written statements in connection with the purchase of a firearm.[1]  Sentencing was deferred until September 27, 2023.  At sentencing, the trial court heard testimony from five of Appellant's character witnesses as well as Appellant himself.  After all testimony concluded, the trial court sentenced Appellant to

---

[1] As a part of Appellant's plea agreement, the Commonwealth sought to *nolle pros* 21 counts of Firearm Ownership – Duty to other persons and 21 counts of Conspiracy (collectively, counts 22 through 63).  The trial court granted this request and dismissed charges 22 through 63.

an aggregate term of 15 to 30 years' incarceration in a state correctional institution as follows:

- Count 1 – 16 to 32 months

- Count 2 – 5 to 10 years, concurrent with Count 1

- Count 3 – 5 to 10 years, consecutive to Count 2

- Count 4 – 5 to 10 years, consecutive to Count 3

- Counts 5-21 – 5 to 10 years, concurrent with each other and concurrent to Count 3

On October 6, 2023, Appellant filed a timely motion to reconsider his sentence. The motion was denied by operation of law on February 9, 2024. On March 8, 2024, the present appeal was filed.

Appellant raises a singular issue for our review:

Did the trial court abuse its discretion in imposing a manifestly excessive sentence where it failed to consider Appellant's rehabilitative needs and other statutory factors?

Appellant's Brief at 7.

Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right. ***Commonwealth v. Clemat***, 218 A.3d 944, 959 (Pa. Super. 2019). Rather, such challenges are considered petitions for allowance of appeal. ***Id.*** An appellant challenging the discretionary aspects of his sentence must satisfy the following factors to invoke this Court's jurisdiction over the case:

(1) whether appellant has filed a timely notice of appeal,

(2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence,

(3) whether appellant's brief has a fatal defect, and

(4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Reid***, 323 A.3d 26, 29 (Pa. Super. 2024). Here, Appellant satisfies all factors to invoke this Court's jurisdiction over the present appeal. Appellant filed a timely appeal.[2] His timely motion to reconsider sentence properly preserved the claim raised on appeal. His brief

---

[2] Under Pa.R.Crim.P. 720(B)(3)(c), the clerk of the trial court must enter an order deeming a post-sentence motion denied by operation of law if 120 days pass without the trial court deciding the motion. Here, the 120-day period expired on February 5, 2024, but the clerk did not deny the motion by operation of law until February 9, 2024, four days after the 120-day period had passed. Appellant filed his notice of appeal on March 8, 2024, within 30 days after the entry of the order denying his post-sentence motions. We have held that a breakdown in the court occurs when the trial court clerk fails to enter an order pursuant to Rule 720. ***See Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003). A similar breakdown occurred here due to the tardy entry of the order denying post-sentence motions. Since Appellant filed his appeal within thirty days after the tardy order, we deem his appeal timely filed. ***See Commonwealth v. Marmillion***, 306 A.3d 936, 943 (Pa. Super. 2023), *reversed on different grounds*, 327 A.3d 182 (Pa. 2024) (declining to quash defendant's appeal from denial of post-sentence motion, because breakdown in court system had occurred, and appeal was not untimely under circumstances; defendant filed her post-sentence motion on June 17, 2022, and trial court had 120 days, until October 17, 2022, to decide that motion or it would be deemed denied by operation of law, but clerk of courts did not enter order deeming motion denied on October 17, 2022, instead, trial court ruled on that motion on January 3, 2023, clearly outside 120-day window, and defendant appealed from that order on January 13, 2023).

is free of any fatal defect and contains all required sections and certifications pursuant to Pa.R.A.P. 2119(f).

Therefore, we must determine whether Appellant raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Appellant contends his sentence should be vacated because the trial court "failed to consider the statutory factors and improperly focused on the nature of the crime when fashioning sentence." Appellant's Brief at 16. Specifically, Appellant argues the trial court "did not give any consideration" to Appellant's character, history, condition, or rehabilitative needs. ***Id.***

This Court has held a claim that the sentencing court abused its discretion by imposing an excessive sentence without considering rehabilitative factors raises a substantial question. ***See Commonwealth v. Bankes***, 286 A.3d 1302, 1306 (Pa. Super. 2022). Appellant thus presents a substantial question, and this Court has jurisdiction to consider its merits.

We review challenges to the discretionary aspects of the defendant's sentence for abuse of discretion, and our scope of review is plenary. *See Commonwealth v. Pisarchuk*, 306 A.3d 872, 879 (Pa. Super. 2023). A sentencing court must consider the gravity of the offense as it relates to the impact on the community, the defendant's rehabilitative needs, and the protection of the public when rendering a sentence. *See* 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). The sentencing court must state its reason(s) for the sentence imposed. *See* 42 Pa.C.S.A. § 9721(b). A court may deviate from the sentencing guidelines to construct a sentence that takes into consideration the sentencing factors but must provide its reasons for the deviation. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008). The whole record must reflect the sentencing court's consideration of the facts and Appellant's character. *See Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). We will vacate a sentence and remand to the sentencing court if we find:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

It should be noted that "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." **Commonwealth v. Radecki**, 180 A.3d 441, 470 (Pa. Super. 2018) (internal citations and quotation marks omitted). It is within the sentencing court's discretion to impose its sentence consecutively or concurrently to other sentences imposed at the same time or to sentences already imposed. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013). Appellant is not entitled to a "volume discount" on his multiple convictions by the imposition of concurrent sentences. **See**, **e.g.**, **Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa. Super. 1995).

Appellant concedes the sentence imposed for each count charged was within the sentencing guidelines range. Therefore, we must review the record to determine whether the trial court gave due consideration to the mitigating factors Appellant raised.

Appellant contends that the trial court failed to consider his history of abuse at the hands of both his biological and adoptive parents which resulted in several behavioral issues. **See** Appellant's Brief at 17. Appellant also asserts the trial court was dismissive of the impact the death of his father and pastor, coupled with rejection by his church, ultimately had on him. **See** Appellant's Brief at 21; **see also** N.T. 9/27/23, at 67. Appellant further asserts the trial court did not afford adequate value to the testimony of

Appellant's character witnesses. *See* Appellant's Brief at 18; *see also* N.T. 9/27/23, at 64. Finally, Appellant contends the trial court placed inordinate focus on the nature of the offense and gun violence at large. *See* Appellant's Brief at 19.

Upon review of the record, the trial court gave all relevant factors adequate consideration when crafting Appellant's sentence. The trial court sufficiently considered the character witnesses' testimony and cited them as people Appellant could have turned to instead of crime. *See* N.T. 9/27/23, at 67. The trial court also considered character witnesses' testimony acknowledging Appellant's awareness of the detrimental impacts of gun violence in his local community. *See id.* at 16–17, 27. The trial court considered Appellant's grief and determined the crimes were a product of greed rather than grief. *See id.* at 59, 67–68.

The trial court also considered the impact Appellant's actions and incarceration would have on the public. The trial court determined the community initiatives Appellant engaged in with his church were negated by the dangers he caused to the community by illegally selling guns to felons and minors. *See id.* at 30–31, 69. Appellant's refusal to disclose whom he sold the 13 missing guns to further indicated Appellant's unwillingness to fully remedy the effects of his criminal actions. *See id.* at 70.

In weighing these factors, the sentencing court determined the detrimental impacts Appellant's conduct had, and may still have, on the public

outweighed mitigating factors such as his age in addition to any signs of rehabilitation he may have demonstrated. *See id.* at 67–68. The trial court further demonstrated consideration for Appellant's rehabilitative needs by ordering he receive mental health counseling while incarcerated and after his release. *See id.* at 73. The fact that the court did not weigh these factors in the way Appellant preferred is insufficient to warrant appellate relief. *See Zirkle*, 107 A.3d at 133.

In sum, Pennsylvania law requires individualized sentencing, with consideration given to the nature and circumstances of the crime as well as the character of the defendant. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1160 (Pa. Super. 2017). The trial court gave due consideration to all requisite factors and rendered a judgment within the sentencing guidelines that was neither unduly harsh nor excessive. Appellant was not entitled to concurrent sentences for all counts charged, and the trial court was within its discretion to impose consecutive sentences on some counts. *See Hoag*, 665 A.2d at 1214. Therefore, we conclude that the sentencing court did not abuse its discretion in imposing Appellant's sentence.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2025