J-S11008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :         PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| ROBERT SHAWN TEMPLE | : |
| | : |
| Appellant | : No. 1114 WDA 2025 |

Appeal from the Judgment of Sentence Entered June 27, 2023
In the Court of Common Pleas of Mercer County
Criminal Division at No: CP-43-CR-0001226-2022

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.:                **FILED: June 5, 2026**

Appellant, Robert Shawn Temple, appeals from the judgment of sentence imposed on June 27, 2023, by the Court of Common Pleas of Mercer County following his guilty plea to indecent assault.  Upon review, we affirm.

The facts, as summarized by the Commonwealth during Appellant's plea colloquy, are as follows:

> If this case proceeded to trial, the Commonwealth would call numerous witnesses, including the victim with the initials J.C. and Trooper Joseph Snyder of the Pennsylvania State Police Department to testify that on or about August 1st of 2017 to November 19th of 2019[, Appellant] did have indecent contact with J.C., with a date of birth of November 20th of 2004.
>
> The complainant was – it's showing that she was 12 at the time the incident began and [Appellant] on multiple occasions engaged in a course of contact, did place his hand beneath the clothing of J.C. to touch her bare chest and/or to kiss her chest and placed his hand beneath her underwear to touch and/or rub her vagina. These incidents occurred during the timeframe that the victim was 12 through 14 years of age and occurred [in Mercer County].

N.T. Plea Hearing, 2/1/23, at 8-9.

Appellant was charged with two counts of indecent assault and one count each of endangering the welfare of a child and corruption of minors. On February 1, 2023, Appellant entered a *nolo contendere* plea to one count of indecent assault, graded as a third-degree felony. In exchange for the plea, the Commonwealth *nolle prossed* the remaining charges and agreed to remain silent at sentencing absent the victim's testimony. Sentencing was deferred for an assessment by the Sexual Offenders Assessment Board ("SOAB") to determine whether Appellant met the criteria to be designated a sexually violent predator ("SVP").

On June 27, 2023, Appellant was sentenced to a term of 11½ to 23 months imprisonment, followed by eight years of state probation. Appellant filed a timely post-sentence motion on July 7, 2023, and a supplemental post-sentence motion on September 25, 2023. There was no disposition of the motion.

Appellant filed a counseled petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, on June 21, 2024. In it, Appellant noted that no order was ever filed disposing of his post sentence motion. He also argued that his sentence was illegal and that the SVP designation was not supported by the record. On August 21, 2025, following a conference, the trial court issued an order that (1) denied Appellant's post sentence motion; (2) dismissed his PCRA petition as

untimely; and (3) advised Appellant that he had 30 days to file a direct appeal from the denial of his post sentence motion. *See* Order 8/21/25.

This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant raises the following issues for our review, renumbered for ease of disposition:

1. Did the trial court err in permitting [Appellant] to enter a no contest plea because it was not clear whether the victim was under the age of thirteen (13) at the time of the offense?

2. Did the trial court err in failing to conduct a hearing to determine if [Appellant] should be deemed a sexually violent predator?

3. Did the court err in permitting witnesses to testify at the sentencing in contravention of the plea agreement between the Commonwealth and [Appellant]?

Appellant's Brief, at 5.

Preliminarily we examine the procedural posture of this case as it implicates our jurisdiction. *See Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007) ("[T]his Court can raise jurisdictional issues *sua sponte*."). The filing and disposition of post sentence motions are governed by Pa.R.Crim.P. 720 which states, in relevant part:

The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.

(a) Except as provided in paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph

- 3 -

(B)(3)(b), the motion shall be deemed denied by operation of law.

(b)    Upon motion of the defendant within the 120-day disposition period, for good cause shown, the judge may grant one 30-day extension for decision on the motion. If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law.

(c)    When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and, as provided in Rule 114, forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied. This order is not subject to reconsideration.

Pa.R.Crim.P. 720(B)(3). Upon notice given by the clerk of courts that the post-sentence motion is deemed denied by operation of law, the defendant has 30 days to perfect an appeal. Pa.R.Crim.P. 720(A)(2)(b).

Here, Appellant filed his timely post sentence motion on July 7, 2023, and a supplemental motion on September 25, 2023. He did not request a 30-day extension of disposition of his motion. Mechanically, the trial court had until Monday, November 6, 2023, to enter an order disposing of the motion or the motion would be deemed denied by operation of law.[1] Pa.R.Crim.P. 720(B)(3)(a). Because the trial court did not enter an order disposing of the

---

[1] ***See*** 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

motion before the 120-day expiration period, Appellant's post sentence motion was deemed denied by operation of law on November 6, 2023.

The clerk of courts for the Court of Common Pleas of Mercer County, however, failed to enter an order that Appellant's post sentence motion was deemed denied by operation of law and provide notice of the same to the parties. As such, a breakdown of the judicial process occurred. It is well-settled that "where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances." ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003). Moreover, the trial court's untimely order disposing of Appellant's post sentence motion on August 21, 2025, was a legal nullity. ***See Commonwealth v. Khalil***, 806 A.2d 415, 419-20 (Pa. Super. 2002). Given this breakdown in the court's operations and the legal nullity of the trial court's August 21, 2025, order, we will consider this appeal timely filed and proceed to address the merits. ***See Perry***, ***supra***.

In his first issue, Appellant contends that the trial court should not have accepted his *nolo contendere* plea because "[n]o evidence was offered either at the plea hearing or sentence hearing that the victim was 12 years of age when the conduct was initiated." Appellant's Brief, at 24. He argues that a manifest injustice occurred because there was a "clear misunderstanding of his plea." ***Id.***

In essence, Appellant is asserting that an element of the crime in question was not proven. Appellant pleaded guilty to indecent assault:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7).

A claim that the Commonwealth failed to prove all elements of a crime is a challenge to the sufficiency of the evidence supporting a conviction and not to the legality of the sentence imposed upon that conviction. *See, e.g., Commonwealth v. Witmayer*, 144 A.3d 939 (Pa. Super. 2016). It is well-settled that a defendant waives any issue relating to the sufficiency of the evidence by pleading guilty or *nolo contendere*.[2] *See Commonwealth v. Rounsley*, 717 A.2d 537, 539 (Pa. Super. 1998); *see also Commonwealth v. Alameda*, 339 A.3d 504, 511 (Pa. Super. 2025) ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.").

Thus, by pleading *nolo contendere*, Appellant waived any challenge to the sufficiency of the evidence. *Rounsley*, *supra*. Even if not waived, Appellant's claim is belied by the record. At the plea hearing, the

---

[2] A *nolo contendere* plea is equivalent to a guilty plea. *Commonwealth v. Norton*, 201 A.3d 112, 114 n.1 (Pa. 2019) (citation omitted).

Commonwealth, as part of the factual basis for the plea, stated that the victim's birth date is November 10, 2004. The Commonwealth outlined that the offenses began on August 1, 2017. The victim would have been 12 years old at that time.[3]

Appellant's second issue challenges the trial court's decision not to hold a hearing to determine whether Appellant met the criteria to be classified as an SVP. The trial court scheduled a hearing to determine if Appellant should be classified as an SVP immediately prior to Appellant's sentencing. At the time of the hearing, defense counsel stated that Appellant did not object to the admission of the SOAB report and did not contest the recommendation that Appellant be classified as an SVP. *See* N.T. Hearing, 6/27/23, at 2-3. Therefore, the trial court found, based upon the SOAB report, that the Commonwealth met its burden and classified Appellant as an SVP.

Now, on appeal, Appellant claims that even though he stipulated to the admission of the report and chose not to contest the findings,

> [t]here was no testimony from [the SOAB evaluator]; no articulated diagnosis of a mental abnormality or personality disorder that makes an individual likely to engage in predatory sexually violent offenses; nor a finding by clear and convincing

_____

[3] To the extent Appellant argues that he did not know that the victim was under 12 years of age, no relief is due. "[W]henever in [Chapter 31] the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 years or older." 18 Pa.C.S.A. § 3102. Thus, Appellant could not have claimed a mistake of age as a defense to his criminal conduct.

evidence that Appellant suffered a mental abnormality or personality disorder.

Appellant's Brief, at 14-15. He argues that "the sentencing hearing is devoid of any colloquy into whether the Appellant knew what rights he was forgoing by waiving the opportunity to challenge the SOAB report or whether the decision to waive the challenge was knowingly, voluntarily, and intelligently entered." *Id.* at 23.

Our standard of review for challenges to the sufficiency of the evidence underlying an SVP determination is *de novo* and our scope of review is plenary. ***Commonwealth v. Person***, 325 A.3d 823, 841 (Pa. Super. 2024). "[W]e must consider the evidence in the light most favorable to the Commonwealth, who prevailed upon the issue at trial." *Id.* The procedure for determining SVP status is statutorily mandated:

> Under revised Subchapter H of [the Sexual Offender Registration and Notification Act ("SORNA")], after a person has been convicted of an offense listed in [18 Pa.C.S.A. §] 9799.14, the trial court orders an assessment by the SOAB. The SOAB must assess all individuals convicted of sexually violent offenses to determine whether they should be classified as an SVP. When assessing whether a particular offender should be classified as an SVP, the board shall establish standards for evaluations and for evaluators conducting the assessments.
>
> A SOAB board member conducts the assessment to determine if the individual should be classified as an SVP. . . . After completing its assessment, the SOAB member must prepare and submit a written report to the district attorney, who may file a praecipe for a hearing on the matter.
>
> * * * *
>
> The trial court's inquiry at an SVP hearing is different from the SOAB's assessment. Whereas the SOAB member must consider

- 8 -

the fifteen factors listed in [18 Pa.C.S.A. §] 9799.24(b), the trial court must determine whether the Commonwealth has proven by clear and convincing evidence that the defendant is an individual who has a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses.

*Commonwealth v. Aumick*, 297 A.3d 770, 777 (Pa. Super. 2023) (footnotes, citations and quotation marks omitted). Where a defendant fails to object to the admission of the SVP report before the trial court, he "cannot now complain that the trial court erred in admitting the evidence[.]" *Commonwealth v. Baker*, 24 A.3d 1006, 1034 (Pa. Super. 2011). Thus, the report was properly before this Court when determining the sufficiency of the evidence supporting an SVP determination.[4] *See id*.

In the present case, Appellant chose not to challenge the admissibility of the SOAB report or its recommendation that he be classified as an SVP. After reviewing the SOAB report, which was properly admitted into evidence, the trial court found that the Commonwealth met its burden of proving, by clear and convincing evidence, that Appellant met the criteria to classify him as an SVP. Accordingly, Appellant's claim that the trial court erred by failing to hold an SVP hearing is belied by the record. No relief is due.

In Appellant's third issue, he argues that the Commonwealth violated the plea agreement when it called two additional witnesses to testify during his sentencing hearing. As part of the plea, the Commonwealth agreed "to remain silent at the time of sentencing absent the victim's testimony." N.T.

---

[4] We note that "a challenge to the admissibility of evidence is separate from a sufficiency claim." *Baker*, 24 A.3d at 1006.

Plea, 2/1/23, at 6. At the sentencing hearing, in addition to the victim, the Commonwealth called the victim's sister and mother as additional witnesses. *See* N.T. Sentencing, 6/27/23, at 6-12. Appellant claims this violated his plea agreement, and he is entitled to resentencing by a different judge. *See* Appellant's Brief, at 28-29.

Like the trial court, we find this issue waived as Appellant did not object to the testimony of the additional witnesses at the time of the sentencing hearing. Appellant was aware of what the plea agreement was and should have objected if he believed there was a violation. "[I]t is axiomatic that issues are preserved when objections are made timely to the error or offense." *Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Although Appellant raised the issue in a post-sentence motion, this did not cure his failure to preserve the issue. *Baumhammers*, 960 A.2d at 73.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/5/2026

- 10 -